BYRON HORTON, *Plaintiff in Error*, v. SMITH-RICHARDSON INVESTMENT COMPANY, *Defendant in Error*.

Opinion Filed March 1, 1921.

Petition for Rehearing Denied April 7, 1921.

1. Every fact essential to an estoppel *in pais* must be clearly and satisfactorily proved.

2. The possession necessary to confer title under an adverse holding must be actual, continuous and adverse to the legal title for the full statutory period, and such possession must be established by clear and positive proof.

3. When the proof is not clear and positive of adverse possession and occupation of land for the full statutory period no title by adverse possession can be adjudged.

4. Every presumption is in favor of a possession in subordination to the title of the true owner, and an adverse possession as against such owner must be established by clear and positive proof.

5. Adverse possession has reference to physical facts that may be proven with certainty and definiteness.

6. It is extremely doubtful whether testimony *in haec verba* that a party was in possession of lands is of any weight. Possession may often be a matter of opinion. In proving possession of land the facts should be shown which in law constitute possession.

7. Where no other title is set up against the legal title to land than that of adverse occupancy, the burden of proof of all the essential facts requisite to give title by adverse posses sion is upon him who asserts such prescriptive title. Such proof, to be effectual, must show a continuous, unbroken, open, notorious, actual and adverse possession under a claim of right for the full statutory period; and the limits, location and extent of his occupancy must be definitely and clearly established by affirmative proof, and cannot be established or extended by presumption.

8. The possession necessary to confer title under an adverse holding must be actual, continuous and adverse to the legal title for the statutory period to bar the suit, and the adverse possessor must not yield or surrender his possession under the pressure of any legal procedure instituted to oust him, which he can successfully resist, and if he does so, and an entry adverse to him is made, the continuity of his posses-

sion will be broken. *Contra* as to adverse possession interrupted by force or violence and promptly regained by legal methods.

9. Under the statute in this State limiting the time within which possessory action shall be brought for the recovery of land, an adverse possession, in any case, to bar a person having the legal title, must be continuous and uninterrupted for the entire period of seven years.

10. The possession by defendant necessary to complete the defense of adverse possession must be continuous. What constitutes continuity of possession must necessarily depend largely upon the circumstances of each case as it may arise. The use to which property is adapted, the actual manner of its use, the circumstances and situation of the possessor and partly his intention must be considered in determining it.

11. Adverse possession is usually a mixed question of law and fact. Whether the facts exist which constitute adverse possession is for the jury to determine, and whether the facts as found by the jury constitute adverse possession is a question of law for the court.

12. It is very generally held that to prove title by adverse possession or any single element thereof, the evidence should be clear and convincing. It is also a rule of general application that such possession or element cannot be established by loose, uncertain testimony which necessitates resort to mere conjecture. Title by adverse possession cannot be established by inference or implication.

13. In order to protect title by adverse possession, such possession must be continuous for the whole period prescribed by the statute of limitations; any break or interruption of the continuity of the possession will be fatal to the claim of the party setting up title by adverse possession; and the length of time a break or interruption in the possession exists is immaterial. Continuity is the very essence of the doctrine and policy of the statute of limitations. It has been said that if there be one element more distinctly material

9—Vol. 81

than another in conferring title by adverse possession, where all requisites are so, it is the existence of a continuous adverse possession.

14. Under the statute in an action for the recovery of real property, the occupation of the premises by any other person than the holder of the legal title "shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for seven years before the commencement of such action."

15. Title by adverse possession not clearly shown as required by the statute and rules of decision.

A Writ of Error to the Circuit Court for Duval County; J. Turner Butler, Referee.

Judgment reversed.

*C. C. Howell* and *O. O. McCollum,* for Plaintiff in Error;

*George M. Powell,* for Defendant in Error.

WHITFIELD, J.—In an action of ejectment begun April 23, 1914, to recover lands described as "all of the east 100 feet of blocks one (1) and fourteen (14), in Warren, in the City of Jacksonville, according to plat recorded in Book 'AO' of Deeds, on page 240, of the former public records of Duval County, Florida, containing about three acres," trial was had before a referee on a plea of not guilty. Judgment for the defendant corporation was rendered, and plaintiff took writ of error.

Plaintiff exhibited a patent from the United States Government to Solomon F. Halliday, dated July 10, 1844, covering "lot number one, of section twelve, in fractional

township two south of range twenty-six east, in the District of Lands subject to sale at St. Augustine, Florida Territory, containing fifty-two acres, according to the official plat of the survey of the said lands, returned to the General Land Office by the Surveyor General, which said tract has been purchased by the said Solomon F. Halliday."

It was also shown that the plaintiff was the devisee of the patentee who lived in Gainesville, Alachua County, Florida, and died there in 1888, and that plaintiff, who lives in the State of New York, did not know of the rights he now claims in the lands until 1912. It is agreed that the land in controversy was embraced in the lands covered by the above stated patent.

Estoppel and title by adverse possession were asserted as defenses.

Estoppel was not clearly and satisfactorily proven.

Every fact essential to an estoppel *in pais* must be clearly and satisfactorily proved. Erwin v. Dekle, 60 Fla. 56, 53 South. Rep. 441; 21 C. J. 1252.

The defendant adduced evidences of conveyances forming his claim of title beginning with a deed from John H. Gunby to John Butler in 1854. This claim of title is not in any way shown to connect with the title conveyed to Solomon F. Halliday by the United States patent issued to him in 1844.

Defendant's claim is title by adverse possession under color of title.

The statutes of the State contain the following provisions:

"In every action for the recovery of real property, or of the possession thereof, the person establishing a legal

title to the premises shall be presumed to have been possessed thereof within the time prescribed by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for seven years before the commencement of such action."

"1.   Continued Occupation for Seven Years Required. —Whenever it shall appear that the occupant, or those under whom he claims, entered into possession of premises under the claim of title exclusive of any other right, founding such claim upon a written instrument as being a conveyance of the premises in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the premises included in such instrument, decere or judgment for seven years, the premises so included shall be deemed to have been held adversely; except that where the premises so included consist of a tract divided into lots, the possession of one lot shall not be deemed a possession of any other lot of the same tract.

"2.   Definition of Possession and Occupation Required. —For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument, or a judgment or decree, land shall be deemed to have been possessed and occupied, in the following cases:

"1.   Where it has been usually cultivated or improved.

"2.   Where it has been protected by a substantial enclosure.

"3.   Where (although not enclosed) it has been used for the supply of fuel, or of fencing timber for the purpose of husbandry, or for the ordinary use of the occupant; or

"4. Where a known lot or single farm has been partly improved, the portion of such farm or lot which may have been left not cleared or not enclosed according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved or cultivated." Secs. 1720, 1721, Gen. Stats., 1906, Compiled Laws, 1914.

The possession necessary to confer title under an adverse holding must be actual, continuous and adverse to the legal title for the full statutory period, and such possession must be established by clear and positive proof. Hyer v. Griffin, 55 Fla. 560, 46 South. Rep. 635.

When the proof is not clear and positive of adverse possession and occupation of land for the full statutory period no title by adverse possession can be adjudged. McKinnon v. Johnson, 59 Fla. 332, 52 South. Rep. 288.

Every presumption is in favor of a possession in subordination to the title of the true owner, and an adverse possesion as against such owner must be established by clear and positive proof. Gilbert v. Southern Land & Timber Co., 53 Fla. 319, 43 South. Rep. 754. Adverse possession has reference to physical facts that may be proven with certainty and definiteness.

It is extremely doubtful whether testimony *in haec verba* that a party was in possession of lands is of any weight. Possession may often be a matter of opinion. In proving possession of land the facts should be shown which in law constitute possession. Florida Southern Ry. Co. v. Burt, 36 Fla. 497, 18 South. Rep. 581.

Where no other title is set up against the legal title to land than that of adverse occupancy, the burden of proof of all the essential facts requisite to give title by

adverse possession is upon him who asserts such prescriptive title. Such proof, to be effectual, must show a continuous, unbroken, open, notorious, actual and adverse possession under a claim of right for the full statutory period; and the limits, location and extent of his occupancy must be definitely and clearly established by affirmative proof, and cannot be established or extended by presumption. Wilkins v. Pensacola City Co., 36 Fla. 36, 18 South. Rep. 20.

The possession necessary to confer title under an adverse holding must be actual, continuous and adverse to the legal title for the statutory period to bar the suit, and the adverse possessor must not yield or surrender his possession under the pressure of any legal procedure instituted to oust him, which he can successfully resist, and if he does so, and an entry adverse to him is made, the continuity of his possession will be broken. *Contra* as to adverse possession interrupted by force or violence and promptly regained by legal methods. Townsend v. Edwards, 25 Fla. 582, 6 South. Rep. 212, *examined and limited.* Gould v. Car, 33 Fla. 523, 15 South. Rep. 259.

Under the statute in this State limiting the time within which possessory actions shall be brought for the recovery of land, an adverse possession, in any case, to bar a person having the legal title, must be continuous and uninterrupted for the entire period of seven years. Keech v. Enriquez, 28 Fla. 597, 10 South. Rep. 91.

The possession by defendant necessary to complete the defense of adverse possession must be continuous. What constitutes continuity of possession must necessarily depend largely upon the circumstances of each case as it may arise. The use to which property is adapted, the actual manner of its use, the circumstances and situation of the

possessor and partly his intention, must be considered in determining it. Doyle v. Wade, 23 Fla. 90, 1 South. Rep. 516.

Adverse possession is usually a mixed question of law and fact. Whether the facts exist which constitute adverse possession is for the jury to determine, and whether the facts as found by the jury constitute adverse possession is a question of law for the court. 2 C. J. 279; Powell on Actions for Land, Sec. 324.

It is very generally held that to prove title by adverse possession or any single element thereof, the evidence should be clear and convincing. It is also a rule of general application that such possession or element cannot be established by loose, uncertain testimony which necessitates resort to mere conjecture. Title by adverse possession cannot be established by inference or implication. 2 C. J. 276, *et seq.*

In order to perfect title by adverse possession, such possession must be continuous for the whole period prescribed by the statute of limitations; any break or interruption of the continuity of the possession will be fatal to the claim of the party setting up title by adverse possession; and the length of time a break or interruption in the possession exists is immaterial. Continuity is the very essence of the doctrine and policy of the statute of limitations. It has been said that if there be one element more distinctly material than another in conferring title by adverse possession, where all requisites are so, it is the existence of a continuous adverse possession. 2 C. J. 82 *et seq.*

Under the statute in an action for the recovery of real property, the occupation of the premises by any other person than the holder of the legal title "shall be

deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessd adversely to such legal title for seven years before the commencement of such action." Where the claim is that of title by adverse possession under color of title, as in this case, the plaintiff having shown a legal title, the defendant must show by clear and positive evidence, that under appropriate color of title he has acquired and maintained open, continuous, hostile occupancy or possession for the entire statutory period, and under the statute this may be done by showing that he usually cultivated or improved the land, or protected it by a substantial enclosure, or used it for the ordinary use of the occupant, with the further provision that "where a known lot or single farm has been partly improved, the portion of such farm or lot which may have been left not cleared or not enclosed according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved or cultivated."

There is testimony that the predecessors in defendant's chain of title were by agents "in possession" of the land, but the specific facts of occupancy and use testified to do not show occupancy or sustain the collective thought of "possession" within the meaning of the statute. The testimony is as to acts of occupancy and possession since 1905, relate to fencing, cutting off wooden growth, filling in low places, cutting weeds, maintaining substantial bill boards, cutting streets through the land, constructing sidewalks, and latterly the building of houses on a part of the land. All of these and perhaps other physical facts existing upon the land itself may be adduced in evidence to show such occupancy or possession as is required by the statute. See 1 R. C. L. pp. 695, 717. But the evidence

as shown by the transcript does not clearly and positively connect the different acts done on the land so as to unequivocally show that there *continuously* appeared on the land itself during the requisite period of time such evidences of adverse occupancy or possession as are contemplated by the statute as necessary to establish title by adverse possession of lands, the legal title to which was in another. Some general statements in defendant's proofs as to the entire property being under fence for a time in excess of the statutory period are not corroborated, but are apparently controverted by other evidence including physical facts that are not contested. As the evidence does not establish title by adverse possession in the defendant under the rule as to the nature of proofs required in such cases, the judgment is reversed for a new trial.

It is so ordered.

BROWNE, C. J., AND ELLIS, J., concur.

TAYLOR AND WEST, J. J., dissent.