J. C. VEREEN & SONS, INC., v. R. C. HOUSER, as Trustee, and FLORIDA BOND & MORTGAGE COMPANY.

167 So. 45.
Division B.
Opinion Filed March 31, 1936.

642

*Hartford H. Vereen,* for Appellant;

*H. Pierre Branning* and *Cecil C. Curry,* for Appellees.

BUFORD, J.—The appeal in this case brings for review a decree dismissing a bill of complaint, the purpose of which was to procure a mnadatory injunction requiring the defendant to remove the eaves of a house overhanging the complainant's property.

The appellant in its brief alleges that there is one question to be determined as follows:

"Where the granting or denial of a mandatory injunction turns on whether or not the prescriptive period or the Statute of Limitations has run against the plaintiff, is it proper to deny the mandatory injunction, and to decree that the equities are with the defendant, and to dismiss plaintiff's bill of complaint at the cost of the plaintiff, where defendants offered no evidence in support of their contention, and where it affirmatively appears from testimony in behalf of plaintiff that the easement contended for has not existed for the full prescriptive period as laid down by the common law, and that there has been no hostile or adverse user of the easement claimed by defendants for a continuous period of longer than three years at the most?"

It appears to us that this is the only question presented on the record before us and it must be answered in the negative.

While the record shows that the eave of the house complained of has extended over complainant's property for a number of years, there is no proof that the possession of complainant's property by reason of the overhanging of the eaves of the house belonging to the defendant and his predecessor in title ever became such a possession on the part of the defendant or his predecessors in title as to require title to the easement by prescription.

In Burdine v. Sewell, 92 Fla. 375, 109 Sou. 648, we held:

"An easement has been defined to be 'a privilege without profit, which the owner of one tenement has the right to enjoy in respect to that tenement in or over the tenement of another person, whereof the latter is obliged to suffer or refrain from doing something on his own tenement for the advantage of the former.' Jones on Easements, Sec. 1.

2. The essential elements or qualities of easements are: 'first, they are incorporeal; second, they are imposed upon corporeal property; third, they confer no right to a participation in the profits arising from such property; fourth, they are imposed for the benefit of corporeal property; fifth, there must be two distinct tenements—the dominant, to which the right belongs, and the servient, upon which the obligation rests.' Jones on Easements, Sec. 1."

In that case we also held:

"An easement being an interest in land, can be created only by grant, the existence of which may be established by the production of a deed expressly declaring it, or may be inferred by construction, from the terms and effect of an existing deed, or evidence of the grant may be derived from its having been so long enjoyed as to be regarded as proof

that a grant was originally made, though no deed is produced which contains it. In other words, there are three ways in which an easement may be created—first, by express grant; second, by implication; third, by prescription."

So we may now say that an easement in the right to maintain by one party the eave of his house overhanging the property of another party may be acquired by prescription, but for it to be acquired by prescription the use must be of that duration and of that quality which is required for one to acquire title to the real property of another by prescription.

A right of this sort is an incorporeal property as distinguished from a corporeal property. See Thompson on Real Estate, Vol. 1, page 481; Boyce v. Mo. Pac. Ry. Co., 168 Mo. 583, 68 S. W. 920; 58 L. R. A. 442; Missouri v. Illinois, 200 U. S. 496, 50 Law Ed. 572.

In Thompson on Real Property, Vol. 1, page 487, the law applicable to the creation of estates by prescription is stated in part as follows:

"An easement by prescription is created only by adverse use of the privilege with the knowledge of the person against whom it is claimed, or by a use so open, notorious, visible and uninterrupted that knowledge will be presumed, and exercised under a claim of right adverse to the owner and acquiesced in by him; and such adverse user must have existed for a period equal at least to that prescribed by the statute of limitations for acquiring title to land by adverse possession."

In the case of Jessee French Piano & Organ Co. v. Forbes, 129 Ala. 471, 29 Sou. 683, the Court said:

"If the user be not exclusive, and not inconsistent with the rights of the owner of the land to its use and enjoyment, the presumption is that such user is permissive, rather than

adverse. An easement by prescription is created only by an adverse use of the privilege with the knowledge of the person against whom it is claimed, or by use so open, notorious, visible and uninterrupted that knowledge will be presumed, and exercised under a claim of right adverse to the owner, and acquiesced in by him; and such adverse use must exist for a period equal, at least, to that prescribed by the statute of limitations for acquiring title to land by adverse possession. Jones, Easem. No. 164. No easement can be acquired when the use is by express or implied permission. ld. Nos. 179, 180. The user of enjoyment of the right claimed in order to become an easement by prescription, must have been adverse to the owner of the estate over which the easement is claimed, under a claim of right, exclusive, continuous and uninterrupted, and with the knowledge and acquiescence of the same. Steele v. Sullivan, 70 Ala. 589; 2 Wait. Act & Def. 693. One circumstance always considered is whether the user is against the interest of the party suffering it, or injurious to him. There must be an invasion of the party's right, for, unless one loses something, the other gains nothing. 2 Wait. Act. & Def. 694; Rountree v. Brantley, 34 Ala. 544, 552; Arnold v. Stevens, 24 Pick 106. The presumption of a grant can never arise where all the circumstances are perfectly consistent with the non-existence of a grant. Arnold v. Stevens, *supra;* Ricard v. Williams, 7 Wheat. 109, 5 L. Ed. 399."

We think this statement by the Supreme Court of Alabama is a clear enunciation of the governing principles applying to this case.

The record in this case falls short of meeting the rule laid down in that decision that the record fails to show that the defendant, or his predecessor in title, for any period of

time longer than three years at the outside exercised the use of complainants property as complained of under any claim of right adverse to the owner or that any claim of right by the defendant adverse to the owner was ever at any time acquiesced in by the owner.

In the case of Zetrouer v. Zetrouer, 89 Fla. 253, 103 Sou. 625, Mr. Justice TERRELL, speaking for the Court, said:

"Where the common law obtains, 20 years continuous and uninterrupted use has always created a prescriptive right as well in the public as private individuals. Such a right once obtained is valid and may be enjoyed to the same extent as if a grant existed, it being the legal intendment that its use was originally founded upon such a right. Town of Lewiston v. Proctor, 27 Ill. 414; City of Chippewa Falls v. Hopkins, 109 Wis. 611, 85 N. W. 553; 1 Elliott on Roads and Streets (3rd edition) 218; Campton Petition, 41 N. H. 197; Pruden v. Lindsley, 29 N. J.. Eq. 615; Commonwealth v. Cole, 26 Pa. 187."

And further in the same opinion he said:

"Prescription is a mode of acquiring title to property by immemorial or long continued enjoyment. It refers to personal usage restricted to the claimant and his ancestors or grantors. The original theory was that the right claimed must have been enjoyed beyond the period of the memory of man, which for a long time in England went back to the time of Richard I. To avoid the necessity of proving such long duration a custom arose of allowing a presumption of a grant on proof of usage for a long term of years, which is now regulated by statute in most states."

In Williamson v. Abbott, 107 S. C. 397, 93 S. E. 15, that Court said:

"To establish a right by prescription, it is necessary to prove three things: (1) The continued and uninterrupted

use or enjoyment of the right for the full period of 20 years; (2) the identity of the thing enjoyed; (3) that the use or enjoyment was adverse or under claim of right. Lawton v. Rivers, 2 McCord, 445, 13 Am. Dec. 741; Bailey v. Gray, 53 S. C. 503, 31 S. E. 354. While it is true that, when it appears that claimant has enjoyed an easement openly, notoriously, continuously and uninterruptedly, in derogration of another's right, for the full period of 20 years the use will be presumed to have been adverse, so as to cast upon the owner of the servient estate the burden of rebutting the presumption (Chalk v. McAlily, 11 Rich. 153), that rule does not apply when claimant's own testimony shows that the use was permissive in its inception."

See also Horton v. Smith-Richardson Inv. Co., 81 Fla. 255, 87 Sou. 905, where we held:

"The possession necessary to confer title under an adverse holding must be actual, continuous and adverse to the legal title for the full statutory period, and such possession must be established by clear and positive proof. 3. When the proof is not clear and positive of adverse possession and occupation of land for the full statutory period no title by adverse possession can be adjudged."

While title to real estate may be acquired by the exercise of actual, exclusive, adverse and continued possession for a period of seven (7) years under color of title under our statute, that period of limitation cannot be held to apply to the acquisition by prescription of an easement which is incorporeal, in a corporeal hereditament. The right to continue the easement only in a corporeal hereditament under prescription may only be acquired by an adverse use of the privilege with the knowledge of the person against whom it is claimed, or by use so open, notorious, visible and uninterrupted that knowledge will be presumed acquiesced in by

the owner of the dominant estate and exercised under a claim of right adverse to the owner and continued by the person so claiming for the full period of 20 years.

For the reasons stated, the decree must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.