AKRIDGE, WM. G., Associate Judge.
Appellants and Appellees are adjoining property owners. This controversy - involves a strip of land approximately 15 feet wide which lies east of appellees’ properties, the record title to which is in appellants and is the west 15 feet of appellants’ property as called for by deed.
Appellants, as plaintiffs below, by Amended Complaint sought to establish by decree the boundary line' 'between their property and the property of appellees, also praying for certain injunctive relief. Appellees, defendants below, filed a counterclaim seeking a decree quieting title to said strip in them by virtue of more than seven years’ adverse possession, alleging fencing, cultivating and exercise of complete dominion over the same. The parties to this controversy at one time were related by marriage, (appellant J. L. Cooper was married to sister of appellee, Irene Sumner) and were such at the time the parties acquired title to their respective lands.
The Chancellor heard the matter on defendants’ counterclaim and decreed, among other things, that the title and ownership of said strip was in appellants and that the true line between the lands was as established by the survey of V. I. Polk, and that appellees failed to establish adverse title to the same. The Chancellor found however that a portion of the lands in question had been used as a thoroughfare for more than 20 years preceding the filing of the complaint and retained jurisdiction of the cause for the purpose of determining the nature and extent of the easement and the removal of any encroachments thereon. The counterclaim did not seek establishment of an easement on said lands but claimed the ab-( solute title to said strip by virtue of cultivation, fencing and the like. The proof tended to show that a road of some indefinite description and termini may exist at some indefinite location on or near the strip but failed to establish by competent evidence the existence by prescription for the required period of time a public thoroughfare or road on the strip. The proof fur--1 ther shows that the appellees used the strip or a portion of the same as a driveway. The evidence however shows that the ap-pellees’ use of this strip was not adverse to appellants’ claim of title but the use was with the permission expressed or implied of the appellants rather than an adverse use.
 As stated in Downing v. Bird, 100 So.2d 57, page 64, Supreme Court of Florida (1958):
“Further in either prescription or adverse possession, the use or possession is presumed to be in subordination ■ to the title of the true owner, and with [her] permission and the burden is on the claimant to prove that the •use or possession is adverse. This essential element as well as all others must be proved by clear and positive proof, and cannot be established by • loose, uncertain testimony which necessitates resort to mere conjecture. Horton v. Smith-Richardson Inv. Co., 1921, 81 Fla. 255, 87 So. 905; J. C. Vereen & Sons v. Houser, 1936, 123 Fla. 641, 167 So. 45.”
The proof in this case falls far short of this test and with reluctance we must reverse the learned judge of the lower court on this aspect of the case. The de *171 cree of the lower court is affirmed in all respects except paragraph 7 thereof which finds that a portion of the lands had been used as a thoroughfare and that portion retaining jurisdiction of this cause to determine the nature and extent of the easement, which portion should be deleted therefrom.
Affirmed in part and reversed in part.
SMITH, C. J., and KANNER, J., concur.