299 So.2d 75 (1974)
ORANGE BLOSSOM HILLS, INC., a Florida Corporation, et al., Appellants,
v.
Donald J. KEARSLEY et al., Appellees.
No. U-105.
District Court of Appeal of Florida, First District.
July 30, 1974.
Rehearing Denied September 9, 1974.
Joe N. Unger, of Smith, Mandler, Smith & Parker, Miami Beach, for appellants.
Owen McGovern, Jr., of Denson, McGovern & Scales, Ocala, for appellees.
BOYER, Judge.
We here review a final judgment granting to plaintiffs below, appellees here, a permanent and perpetual easement and right of way across the easterly 32 feet of certain property owned by appellants, defendants below, in Marion County.
Plaintiffs filed suit in the Circuit Court of Marion County seeking a temporary and permanent injunction restraining the defendants from interfering with plaintiffs' use of an alleged prescriptive easement, alleged to have been acquired across certain property owned by defendants. Defendants responded with a general denial. After hearing numerous witnesses and considering extensive evidence the trial judge entered the order now appealed (which is really a final judgment although not so titled) *76 by which he determined that the plaintiffs and their predecessors in title, as well as the public in general, had created a prescriptive easement as a means of egress and ingress over the property of the defendants for a period in excess of sixty years. Accordingly, the trial judge found that plaintiffs had proven that they and the public were owners of a permanent and perpetual easement and right of way across the easterly 32 feet of defendants' property.
The evidence reveals that defendants' property runs generally in a north-south direction, extending from State Road 42 on the north to an intersection with U.S. Highway 441-27 on the south. Plaintiffs own the adjoining property to the east. They claimed a prescriptive easement along the entire easterly boundary of defendants' property from State Road 42 to the intersection of U.S. Highway 441-27, claiming adverse use of a roadway situated thereon for a period in excess of the period of prescription.
Appellants urge as their first point for reversal that the trial court erred in determining the existence of a prescriptive easement over the east 32 feet of defendants' property, claiming that the evidence adduced did not clearly and positively prove adverse use of a specifically identifiable roadway used by plaintiffs, their predecessors in title or the general public.
An easement was long ago defined by the Supreme Court of Florida to be "a privilege without profit which the owner of one tenement has the right to enjoy in respect to that tenement in and over the tenement of another person, whereof the latter is obliged to suffer or refrain from doing something on his own tenement for the advantage of the former." (Burdine v. Sewell, 92 Fla. 375, 109 So. 648)
An easement may be gained by prescription, which is created by adverse use of the privilege for a period of 20 years. (J.C. Vereen & Sons v. Houser, 123 Fla. 641, 167 So. 45) In the landmark decision of Downing v. Bird, Fla.Sup.Ct. 1958, 100 So.2d 57, the Supreme Court of Florida delineated specific requirements necessary for creation of a prescriptive easement. There it said:
"The establishment of a public highway by prescription, or long user, is based on the presumption of a prior grant. A prescriptive right is an incorporeal hereditament in land.
"The establishment of title by adverse possession is based on the theory that the owner has abandoned the land to the adverse possessor. Title so acquired is a corporeal right, and it is the nature of the right acquired which marks the principal difference between a prescriptive right and title by adverse possession.
"The trend of modern authorities is to abandon the theory that prescriptive rights are based on the presumption of a prior grant, and to treat the acquisition thereof as being rights acquired by methods substantially similar to those by which title is acquired by adverse possession. Bridle Trail Ass'n v. O'Shanick, Mo. App. 1956, 290 S.W.2d 401; Plaza v. Flak, 1951, 7 N.J. 215, 81 A.2d 137, 27 A.L.R.2d 324; 17A Am.Jur. 678, Easements, Sec. 66. We agree with these authorities.
"In either prescription or adverse possession, the right is acquired only by actual, continuous, uninterrupted use by the claimant of the lands of another, for a prescribed period. In addition the use must be adverse under claim of right and must either be with the knowledge of the owner or so open, notorious, and visible that knowledge of the use by and adverse claim of the claimant is imputed to the owner. In both rights the use or possession must be inconsistent with the owner's use and enjoyment of his lands and must not be a permissive use, for the use must be such that the owner has a right to a legal action to stop it, such as an action for trespass or ejectment.

*77 "Further in either prescription or adverse possession, the use or possession is presumed to be in subordination to the title of the true owner, and with his permission and the burden is on the claimant to prove that the use or possession is adverse. This essential element as well as all others must be proved by clear and positive proof, and cannot be established by loose, uncertain testimony which necessitates resort to mere conjecture. Horton v. Smith-Richardson Inv. Co., 1921, 81 Fla. 255, 87 So. 905; J.C. Vereen & Sons v. Houser, 1936, 123 Fla. 641, 167 So. 45.
"In Florida there is no presumption that adverse possession once shown to exist continues to do so. The claimant must, by clear, definite and accurate proof show that the possession continued for the full period required by law. Atlantic Coast Line R. Co. v. Seward, 1933, 112 Fla. 326, 150 So. 257.
"Also, `* * * the limits, location, and extent of his occupation must be definitely and clearly established by affirmative proof, and cannot be established or extended by presumption * * *' Wilkins v. Pensacola City, 1895, 36 Fla. 36, 18 So. 20, 26. And the pleadings, as well as the proof, particularly where a prescriptive way is claimed, must show a reasonably certain line, by definite route and termini. Crosier v. Brown, 1909, 66 W. Va. 273, 66 S.E. 326, 25 L.R.A.,N.S., 174; 25 Am.Jur., Sec. 15, p. 349.
"Acquisition of rights by one in the lands of another, based on possession or use, is not favored in the law and the acquisition of such rights will be restricted. Irion v. Nelson, 1952, 207 Okla. 243, 249 P.2d 107; 28 C.J.S. Easements § 10, p. 645. Any doubts as to the creation of the right must be resolved in favor of the owner.
"While there are slight differences in the essentials of the two actions, they are not great. In acquiring title by adverse possession, there must of course be `possession'. In acquiring a prescriptive right this element is use of the privilege, without actual possession. Further, to acquire title the possession must be exclusive, while with a prescriptive right the use may be in common with the owner or the public.
"Under the principles of law above set forth and the cases and authorities cited it was necessary for the defendants to allege and, by clear and positive proof, to prove (1) that the public had the continued and uninterrupted use or enjoyment of the plaintiff's lands for a roadway for a period of at least twenty years prior to the barricading thereof by the plaintiff's husband in February 1952, (2) the identity of the roadway, i.e. its route, termini, and width, and (3) that the use or enjoyment was adverse or under claim of right. J.C. Vereen & Sons v. Houser, supra." (100 So.2d at pages 64 and 65)
The burden of proving a prescriptive right thus rests upon a claimant who must by clear and positive proof establish all elements necessary to constitute a valid claim. Nothing will be here accomplished by reciting in lengthy detail the evidence adduced before the trial judge in the case sub judice. Suffice to say, our examination of the record reveals that the plaintiffs bore their burden of proof.
Appellants having failed to demonstrate the error, the final judgment appealed is hereby
Affirmed.
SPECTOR, Acting C.J., and JOHNSON, J., concur.