BOYER, Chief Judge,
concurring specially-
I concur in the result reached, but not upon the basis recited in the final judgment here appealed nor upon the basis urged by appellees.
Numbered paragraph one of appellants’ amended complaint alleged: “This is an action for a permanent easement (for a right-of-way over a certain unimproved road in Putnam County, Florida) in favor of the plaintiffs, over and through the lands of the defendants, for the purpose and use of said road as a right-of-way.” In the final judgment here appealed, the learned trial judge recited, inter alia, “The court concludes, based on the facts before it, that the plaintiffs have not carried their burden of showing continuous and uninterrupted use for the period of time required for a prescriptive easement. The court further concludes that the use of the road has not been inconsistent with the use and enjoyment of the owners and that the use of said road had been permissive by the owners.” The final judgment then adjudged and decreed “that the various plaintiffs acquired no easement, by prescription or otherwise, over and through the lands of the defendants.”
An easement has been defined to be “a privilege without profit, which the owner of one tenement has a right to enjoy in respect to that tenement in and over the tenement of another person whereof the latter is obliged to suffer or refrain from doing something on his own tenement for the advantage of the former.” Jones on the Law of Easements, § 1, at 3 (1898). An easement may be gained by prescription which is created by adverse use of the privilege for a period of 20 years. Acquisition of rights by one in the lands of another, based on possession or use, is not favored in the law and the acquisition of such rights will be restricted. Any doubts as to the creation of the right must be resolved in favor of the owner. In order to establish a *140 prescriptive easement for roadway purposes, the claimant must clearly and positively prove that the claimant or the public in general had the continued and uninterrupted use or enjoyment of the owner’s lands for roadway purposes for a period of at least 20 years prior to any barricading or interference thereof by the owner; the identity of the roadway, that is, its route, termini and width and that the use or enjoyment was adverse or under claim of right.
The burden of proving a prescriptive right rests upon the claimant who must by clear and positive proof establish all elements necessary to constitute the claim. The use by the claimant or the public in general is presumed to be subordinate to the title of the owner and with the owner’s permission and the burden is upon the claimant to prove that the use was adverse. Such proof cannot be established by loose, uncertain testimony which necessitates resort to mere conjecture. (See Orange Blossom Hills, Inc. v. Kearsley, 299 So.2d 75 (Fla. 1st DCA 1974), and cases therein cited.)
For application of the foregoing principles, I have read every word of the record-on-appeal in this case. The record clearly and positively supports the claimant’s claim of continuous and uninterrupted use for in excess of 20 years prior to the erection of the barricade by the appellees. In order to prove continuous and uninterrupted use for the prescribed period of time it is not necessary to prove that the roadway was used by the claimant or the public in general every minute nor every hour nor every day nor every week nor even every month. Nor does the record support the trial judge’s finding “that the use of said road has been permissive by the owners.” Indeed, I find no evidence at all to support that finding.
The appellees contend that by merely erecting a barricade by the owners the continuous and uninterrupted use by the prescriptive users is broken. To so hold would encourage owners and claimants alike to take the law into their own hands. It would encourage owners to resort to self help and construct a barricade on public roads where dispute of ownership is involved rather than resort to courts of law for the resolution of the issue. As to claimants, it would encourage them to destroy fences, gates and other impediments rather than seek a resolution in the courts. To encourage such measures of self help is contrary to public policy. I cannot, therefore, agree with the position urged by ap-pellees in their brief.
However, I concur that the result reached by the learned trial judge may properly be sustained on the basis that the record is insufficient to establish by clear and positive proof that the continued and uninterrupted use by the claimants was adverse to the title of the owners and on the further ground that the record does not reflect the route, termini and width of the roadway to which appellants claim the right of enjoyment by prescription.
Accordingly, I concur in affirmance.