385 So.2d 718 (1980)
Maone B. GUERARD et al., Appellants,
v.
Waldron ROPER, et ux., Appellees.
No. 79-1322/T2-44.
District Court of Appeal of Florida, Fifth District.
June 27, 1980.
*719 Frank McClung, Brooksville, for appellants.
Joseph E. Johnston, Jr., Brooksville, for appellees.
ORFINGER, Judge.
We review a final judgment awarding to appellee a prescriptive easement over a 25-foot strip of appellant's land. Appellant claims error in the award. We agree and reverse.
Appellant and appellee own adjoining parcels of land. The disputed 25-foot strip is owned by appellant and she pays taxes on it. It is used by appellant for ingress and egress to her property from the paved road. Appellant operates a dairy business on her property. Appellee also uses the disputed strip for ingress and egress to his property where he now lives and operates a citrus grove, although he has another, though less convenient, access. Early in 1978, appellant complained of the way appellee was using the roadway so appellee modified his use. Still not satisfied, and contending that this still interfered with her use of the roadway, appellant closed off appellee's access to the road. Appellee thereupon requested the County Commission to declare it a public road.
Ultimately unsuccessful in this quest, appellee then filed the instant action, contending alternatively that the road was public, that he was entitled to a prescriptive easement or a statutory way of necessity. The trial court found that the roadway was not public, and denied appellee's request for a statutory way of necessity. These findings are not questioned on this appeal. Without stating any findings of fact, the trial court held that appellee was entitled to a prescriptive easement over the described strip of land, and enjoined appellant from further interference with appellee's use thereof. Appellant takes exception to this portion of the final judgment.
*720 Neither appellant nor appellee have owned their respective parcels for the prescriptive period, but based on the evidence, it is clear that the roadway in question has been on appellant's property for more than twenty years. It is also clear that appellee and his predecessors in title have used the roadway in common with appellant and her predecessors in title during that period. If that use alone established the prescriptive right, then the trial court would have correctly determined the issue, but in order to establish a prescriptive right, more than use for the prescribed period is required.
In the leading case of Downing v. Bird, 100 So.2d 57 (Fla. 1958), the Supreme Court made it clear that mere continuous and uninterrupted use of land alone, even for the prescribed period, would not establish a prescriptive right, without adversity, and the Court receded from Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925) to the extent that decision might have indicated otherwise. In Downing, the Supreme Court said:
In either prescription or adverse possession, the right is acquired only by actual, continuous, uninterrupted use by the claimant of the lands of another, for a prescribed period. In addition, the use must be adverse under claim of right and must either be with the knowledge of the owner or so open, notorious, and visible that knowledge of the use by and adverse claim of the claimant is imputed to the owner. In both rights the use or possession must be inconsistent with the owner's use and enjoyment of his lands and must not be a permissive use, for the use must be such that the owner has a right to a legal action to stop it, such as an action for trespass or ejectment. (emphasis added)
Further, in either prescription or adverse possession, the use or possession is presumed to be in subordination to the title of the true owner, and with his permission and the burden is on the claimant to prove that the use or possession is adverse. This essential element as well as all others must be proved by clear and positive proof, and cannot be established by loose, uncertain testimony which necessitates resort to mere conjecture. Horton v. Smith-Richardson Inv. Co., 1921, 81 Fla. 255, 87 So. 905; J.C. Vereen & Sons v. Houser, 1936, 123 Fla. 641, 167 So. 45.
* * * * * *
Acquisition of rights by one in the lands of another, based on possession or use, is not favored in the law and the acquisition of such rights will be restricted. Irion v. Nelson, 1952, 207 Okla. 243, 249 P.2d 107; 28 C.J.S. Easements § 10, p. 645. Any doubts as to the creation of the right must be resolved in favor of the owner. While there are slight differences in the essentials of the two actions, they are not great. In acquiring title by adverse possession, there must of course be "possession". In acquiring a prescriptive right this element is use of the privilege, without actual possession. Further, to acquire title the possession must be exclusive, while with a prescriptive right the use may be in common with the owner, or the public.
What is missing from the proofs in this case is the element of adversity. There is nothing in the evidence to show that appellee's use of the roadway was inconsistent with appellant's use thereof, at least until early 1978 when appellant complained. If the use is not exclusive and is not inconsistent with the rights of the owner of the land to its use and enjoyment, the presumption is that such use is permissive, rather than adverse. J.C. Vereen & Sons, Inc. v. Houser, 1936, 123 Fla. 641, 167 So. 45.
"One circumstance always considered is whether the use is against the interest of the party suffering it, or injurious to him. There must be an invasion of the party's right, for, unless one loses something, the other gains nothing." Id. 123 Fla. 641, 167 So. at 47.
These principles were reiterated in City of Daytona Beach v. Tona-Rama, Inc., 294 So.2d 73 (Fla. 1974), where the Supreme Court held that the public had not acquired *721 a prescriptive easement in the beachfront property of the owner, notwithstanding continuous and long-term open use thereof by the public, because
"... neither the trial court, nor the District Court, reached the other requirement for prescription to be properly effective  adverse possession inconsistent with the owner's use and enjoyment of the land." Id. at 77.
The court there found that the public use was not injurious to the owner and there was no invasion of the owner's right to the property. It thus held as a matter of law that no prescriptive easement had been established.
There is nothing in this record to reflect the required adversity or hostility. The record is clear that neither appellee or his predecessors nor other members of the public ever asked for or received permission to use the roadway. The use in common with the owner is presumed to be in subordination of the owner's title and with her permission, and the burden is on the claimant to prove that the use is adverse. Downing v. Bird, supra. We recognize that as used in the cases the word "hostility" is a word of art and does not mean belligerent or bellicose behavior. Still, there is nothing to show that the use made by the appellee was inconsistent with the rights of the owner to her use and enjoyment of the land, which supports rather than overcomes the presumption that any such use is permissive.
Other jurisdictions which have considered the question before us have concluded that when a right of way is opened or maintained by the owner for his own benefit, and the claimant's use of it appears to have been in common with him, the presumption arises that the use is in subordination and not adverse to the true title. As pointed out by the Supreme Court of Missouri in Anthony v. Kennard Building Company, 188 Mo. 705, 87 S.W. 921 (1905):
But if the owner of the land opens a road across it for his own use and uses it and keeps it open for his own use, the fact that he sees his neighbor also making use of it, under circumstances that in no way injures the road or interferes with his own use of it, does not justify the inference that he is yielding to his neighbor's claim of right or that his neighbor is asserting any right; it signifies only that he is permitting his neighbor to use the road .. . "in a neighborly way." (emphasis added.)
See also: Howard v. Wright, 38 Nev. 25, 143 P. 1184 (1914).
There is no evidence of adversity prior to 1978, a time frame far too recent to create prescriptive rights. The judgment for appellee is, therefore,
REVERSED.
COBB, J., and WATSON, RICHARD O., Associate Judge, concur.