389 So.2d 1072 (1980)
DESERET RANCHES OF FLORIDA, INC., Appellant,
v.
Dorothy BOWMAN et al., Appellees.
No. 79-18.
District Court of Appeal of Florida, Fifth District.
October 29, 1980.
*1073 Patricia C. Fawsett, Orlando, for appellant.
Bruce E. Chapin, Orlando, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final judgment finding that appellees had established a prescriptive easement over the property of appellant.
The easement which appellees claimed and which the trial court granted was thirty feet in width and nine miles in length, encompassing Old Taylor Creek Road and Shiver Grade. Appellees' forty acres were located deep within the 365,000 acres comprising the Deseret Ranch.
Appellant questions whether appellees proved their use was sufficiently open, continuous and adverse over the necessary period to establish the prescriptive easement claimed.
We do not think the requirements were met and reverse.
The Old Taylor Creek Road was the only road connecting Fort Christmas and Deer Park until Nova Road was completed and opened to the public on December 18, 1965. The prescriptive period, as found by the court, commenced more than twenty years prior to January, 1965. A continued and uninterrupted use alone for the prescribed period will not establish a prescriptive right without adversity. The burden is on the claimant to prove that the use is adverse. Downing v. Bird, 100 So.2d 57 (Fla. 1958). If the use is not exclusive and is not inconsistent with the rights of the owner of the land to its use and enjoyment, the presumption is that such use is permissive, rather than adverse. J.C. Vereen & Sons v. Houser, 123 Fla. 641, 167 So. 45 (1936).
While there was some testimony from one witness, Mrs. McDowell, that she had first used this road as early as 1936 or 1937 to visit Charlie Bumby, an owner of the forty-acre property, there is no evidence that the use of the road was adverse. This witness testified that her husband bought the land in 1944 for a hunting camp and used the route to reach it on an average of once or twice a month during hunting season. The first evidence of any adverse use of the road was Mrs. McDowell's testimony that they cut the lock on a gate a couple of times, but the dates of these incidents were never clearly established. The first time she recalls any fences was "after the war." Another witness, a game warden, testified there were no fences or gates before 1949. There was no other evidence of any adverse use prior to 1949. Even if the isolated incidents of cutting the chain were sufficient evidence of adversity to commence the prescriptive period, the period had not run by January 1, 1965.
The record clearly shows that the management of Deseret Ranches was aware that appellees were using the road to reach their land but there is no evidence that it knew appellees were using the road under claim of right. While actual knowledge of such claim is not required, the use must be so open, notorious, and visible that knowledge can be imputed. Downing v. Bird. Here, the road was being used by strangers, game wardens, hunters and ranch employees, any one of which could have cut the lock. There is no evidence that appellees used the road in a manner inconsistent with the use and enjoyment of the road by appellant, or if so, that appellant was aware of such inconsistent use.
In City of Daytona Beach v. Tona Rama, Inc., 294 So.2d 73, 77 (Fla. 1974), the Florida Supreme Court pointed out:
[F]or prescription to be properly effective [there must be] adverse possession inconsistent with the owner's use and enjoyment of the land.
The facts, interpreted most favorably to appellees, do not reflect the open, adverse, *1074 continuous (over twenty years) use necessary to establish a prescriptive right.[1]Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA 1980).
REVERSED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] Count II of the initial complaint was to establish a statutory way of necessity pursuant to section 704.01(2), Florida Statutes. Appellees, in filing a third amended complaint deleted this count.