394 So.2d 451 (1981)
Robert M. GIBSON and Martha J. Gibson, His Wife, Appellants,
v.
Sam D. BUICE and Edna L. Buice, Husband and Wife, and Robert L. Cheezem and Kathleen M. Cheezem, Husband and Wife, Appellees.
No. 80-573.
District Court of Appeal of Florida, Fifth District.
February 4, 1981.
Rehearing Denied March 4, 1981.
*452 Gene H. Auvil of McGee & Auvil, P.A., Brooksville, for appellants.
Joseph E. Johnston, Jr., of the Law Offices of Joseph E. Johnston, Jr., Brooksville, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal from a judgment granting appellees a prescriptive easement over the east twenty feet of land owned by the appellants.
We find that appellees failed to establish their right to the easement and reverse.
To establish an easement by prescription, a claimant must prove actual, continuous and uninterrupted use for the prescribed period of twenty years. Downing v. Bird, 100 So.2d 57 (Fla. 1958); Hunt Land Holding Co. v. Schramm, 121 So.2d 697 (Fla. 2d DCA 1960). The use must be adverse under a claim of right with the knowledge of the owner or must be so open, notorious, visible and uninterrupted that knowledge of the use is imputed to the owner. Downing v. Bird; Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA 1980). Further, the use must be inconsistent with the owner's use and enjoyment and must not be a permissive use. Any use in common with the owner is presumed to be subordinate to the owner's title and with the owner's permission. The burden is on the claimant to show that the use is adverse. City of Daytona Beach v. Tona Rama, Inc., 294 So.2d 73 (Fla. 1974); Deseret Ranches of Florida, Inc. v. Bowman, 389 So.2d 1072 (Fla. 5th DCA 1980).
A prescriptive right-of-way cannot be acquired to pass over a tract of land generally but must be confined to a reasonably definite line and limited to the extent of the actual use. Sunnybrook Groves, Inc. v. Hicks, 113 So.2d 239 (Fla.2d DCA 1959). Thus, to claim a prescriptive easement, one must allege and prove its route, termini and width. Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976).
The amended complaint in the case before us recites that appellees are the owners of certain real property all in Section 35 and that appellants are the owners of lands all in Section 34. The survey furnished by appellees shows that except for a small portion of the road, the existing dirt road, which is the basis for the easement, lies east of Section 34 and therefore not on appellants' property. Even if appellees had established the other elements necessary for a prescriptive easement, they failed to show appellants' ownership of the land traversed by the entire road by clear and positive proof. Furthermore, the portion of the existing dirt road shown by the survey to be on appellants' property appears to have been developed or used only when the original road was impassable due to heavy rains.
REVERSED.
COBB and COWART, JJ., concur.