FRANK D. UPCHURCH, Jr., Judge.
Osceola County appeals from a final judgment in favor of Arthur and Melinda Castelli. The county had sought an injunction to require the Castellis to remove a fence which they had erected across Wren Drive, a roadway which passes through their property. We affirm.
Section 95.361, Florida Statutes (1981), provides that a county may acquire title to a roadway under certain circumstances:
(1) When a road, constructed by a county, a municipality, or the Division of Road Operations, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or Division of Road Operations, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether the road has been formally established as a public highway or not.... (emphasis added)
In this case, while there is evidence of county maintenance of Wren Drive for almost ten years, the evidence also establishes that the road was constructed by a private developer and not the county. Therefore, section 95.361 is inapplicable here.
The county’s claim that the public acquired a prescriptive easement in the road by maintaining and using it for more than twenty years is likewise unavailing. First, the county failed to show by clear and positive proof that the use was continuous and uninterrupted for the full twenty-ye period. Downing v. Bird, 100 So.2d 57, 64 (Fla.1958); Gibson v. Buice, 394 So.2d 451 (Fla. 5th DCA 1981); Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA 1980). Second, there is no evidence that the use was adverse under claim of right. Downing v. Bird, 100 So.2d at 64; Guerard v. Roper, 385 So.2d at 720. If anything, the evidence at trial showed that the public was using the road with the express permission of the developer, a fact which prevents the creation of a prescriptive easement. See City of Daytona Beach v. Tona-Rama, Inc., 294 So.2d 73, 76 (Fla.1974); Guerard v. Roper, 385 So.2d at 720; Hunt Land Holding Co. v. Schramm, 121 So.2d 697 (Fla. 2d DCA 1960).
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.