SHARP, Judge.
Defendants, owners of various parcels of real property adjacent to Lake Weir Yacht Club, appeal from a declaratory judgment determining the Club has a prescriptive easement over a portion of the defendants’ property for ingress, egress and parking. They argue the record supports only a statutory way of necessity and not an easement by prescription because of the insufficient showing of adverse use for the required twenty year period necessary to establish a prescriptive right. We agree and affirm the judgment as modified.
In this case, as in Deseret Ranches of Florida, Inc. v. Bowman, 389 So.2d 1072 (Fla. 5th DCA 1980), review denied, 397 So.2d 777 (Fla.1981), the overwhelming evidence was that the Club’s use of the easement commenced with the consent of the servient fee owners. See also Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA), review denied, 392 So.2d 1378 (Fla.1980) (finding of prescriptive easement reversed because the requisite element of adversity was missing absent a showing that the plaintiff’s use was inconsistent with the defendant’s use). Further, an easement *225 which arises by way of necessity over land formerly held by a common landowner, does not ripen by mere use, into a prescriptive easement. Dixon v. Feaster, 448 So.2d 554, 559, n. 2 (Fla. 5th DCA 1984); Al Mar Corp., Inc. v. Van De Kerckhove, 403 So.2d 1128 (Fla. 4th DCA 1981); Hanna v. Means, 319 So.2d 61 (Fla. 2d DCA 1975).
The trial court determined the Club established a prescriptive easement for “ingress, egress, turning around and parking of automobiles and other vehicles.” However, the evidence establishes only a way of necessity which is limited to ingress and egress.[1] This is a different legal entity from a prescriptive easement, not only in the way it arises, but also with regard to its termination and rights of the owner or user. Accordingly we remand to modify the judgment.
AFFIRMED AS MODIFIED; REMANDED.
COBB, C.J., and UPCHURCH, J., concur.

. § 704.01, Fla.Stat. (1983):
Common-Law and Statutory Easements Defined and Determined.—
(1) IMPLIED GRANT OF WAY OF NECESSITY. — The common-law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted, and clarified. Such an implied grant exists where a person has heretofore granted or hereafter grants lands to which there is no accessible right-of-way except over his land, or has heretofore retained or hereafter retains land which is inaccessible except over the land which he conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress, or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequent to the original grant from the state or United States, the right of the dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, reversion, or otherwise.