## No. A-CV-22-84

## Supreme Court of the Navajo Nation

Nesbah C. Yazzie, et. al., Appellants,

vs.

Ruth Ellen Jumbo, et. al., Appellees

Decided January 26, 1986

## OPINION

*Before Bluehouse, Acting Chief Justice, Austin and Walters, Associate Justices.*

*James Jay Mason, Esq., Gallup, New Mexico for the Appellants, Samuel Pete, Esq., Window Rock, Arizona for the Appellees.*

*Opinion delivered by Austin, Associate Justice.*

The Red Lake Irrigation Project, located near Navajo, New Mexico is one of the six major irrigation projects which was constructed and funded by the federal government. Pursuant to an Act of Congress dated July 12, 1960, P.L. 86-636, 74 Stat. 470, "all right, title and interest of the United States" to the Red Lake project was transferred to the Navajo Nation.

The irrigation ditch, which is the subject of this appeal, was constructed in 1959 as a subsidiary of the Red Lake project. The ditch crosses the properties of the appellants and appellees.

In 1950, appellee's father Paul Jumbo, acquired a land use permit for a 35 acre tract of land known as plot #1. The irrigation ditch supplies water to plot #1 for agricultural purposes. In 1973, Mr. Jumbo transferred 33 acres from his permit by gift to his daughter Ruth Ellen Jumbo, the appellee.

Appellant Nesbah Yazzie acquired a land use permit for two of the 35 acres, known as plot #2, in 1962. Plot #2 is adjacent to and east of plot #1. In 1967, Ms. Yazzie applied for a one acre homesite lease on plot #2. The homesite lease was finally approved on August 11, 1972. Although the irrigation ditch crosses plot #2, plot #2 has never been utilized for farming.

Appellant Peggy L. McClanahan also applied for a one acre homesite lease on plot #2 in 1967. Her homesite lease was finally approved in 1974. Under Navajo Tribal law, land cannot be withdrawn for two simultaneous purposes, so the District Court ruled that the Appellants' homesite leases superceded Ms. Yazzie's land use permit.

For over 28 years Ruth Jumbo and her family made economical and beneficial use of the water flowing through the irrigation ditch. In the process Ms. Jumbo and her family cleaned and maintained the ditch to insure proper flow consistent with the requirements of her land use permit.

A supplemental provision to Appellants' homesite leases provide that the homesite lease "will in no way be used to control other lands outside of the leased area." On July 7, 1983, the appellants blocked the flow of water through the irrigation ditch in retaliation for two incidents of overflow onto appellants' leased areas. Appellants' action disrupted and prevented production on plot #1. The Jumbo family alleged and the District Court agreed that the appellees sustained $3,984.68 in damages.

On July 12, 1983, the Red Lake Land Board convened to discuss the overflow problems and to propose a solution. The Board recommended that the small culvert responsible for the flowage be replaced with a larger culvert. When the case was heard on appeal the larger culvert was in place.

The appellants first argue that the District Court erred in denying their motion to dismiss for failure to exhaust administrative remedies. The appellants also claim that they were denied a fair opportunity to be heard because they were not properly served with the appellees' complaint prior to the Board meeting. On this claim we believe the appellants are relying upon the due process provision of the Indian Civil Rights Act, 25 U.S.C.A. §1302 (8) (1968).

Procedural due process relates to the requisite characteristics of proceedings which seek to effect a deprivation of life, liberty, or property. Annot., 98 L. ed. 855; See *Shaughnessy v. United States*, 345 U.S. 420 (1953), (Jackson, J., dissenting opinion). Procedural due process requires adherence to the fundamental principles of justice and fair play. *Hannah v. Larche*, 363 U.S. 420 (1960). It encompasses the requirements of notice, an opportunity to be heard, and to defend before a tribunal with jurisdiction to hear the case. *Anderson National Bank v. Luckett*, 321 U.S. 233 (1943). It necessarily follows that due process is not required where there is no interference with life, liberty or a vested property right.

The Appellants have failed to show that the Board proceeding deprived them of a vested property right. Neither have the Appellants demonstrated that the issues discussed by the Board resulted in a decision which deprived them of property.

It is obvious the board did not engage in quasi-judicial fact finding. The recommendation to replace the existing culvert did not affect the property

interest of either party. We refuse to require compliance with procedural due process for agency discussions that do not seek to deprive a person of a property right.

The Land Board possesses the authority to settle boundary disputes, water disputes, right of way disputes etc. 3 N.T.C. §84. These types of disputes naturally involve adverse parties asserting possessory rights to the property.

We are not persuaded that blockage of the ditch is a possessory dispute that requires preliminary resort to the Land Board. The appellees are not asserting an interest in either the ditch or the water. In fact, the appellees have never used the water for any beneficial purpose. The District Court did not err in denying the motion to dismiss.

The appellants next argue that the District Court erred in finding that the appellees had acquired an easement in the irrigation ditch by prescription, necessity and implication. In support, the appellants have cited sections from Felix Cohen's Handbook of Federal Indian Law and a section from the Federal Indian Nonintercourse Act, 25 U.S.C. §177. We believe the authorities cited by appellants properly deal with restraints on alienation of tribal lands absent strict compliance with applicable statutory requirements. Appellants' authorities are not necessarily controlling in this case because here we are not concerned with parties attempting to assert title against the Navajo Nation.

The facts are clear that all right, title, and interest in the entire Red Lake Irrigation Project has vested in the Navajo Nation pursuant to Congressional action. P.L. 86-636. The Navajo Nation has issued revocable permits to the community to utilize the irrigation system for agricultural purposes. 3 N.T.C. § 81 *et seq*. It cannot be said then that any of the parties to this action has title or can acquire title to the irrigation ditch.

It is apparent the appellees have shown the requisite elements for prescription including continuous, actual, adverse, open and notorious use. *Hester v. Sawyers*, 41 N.M. 497, 71 P. 2d 646 (1937); *Gibson v. Buice*, 394 So. 2d 451 (1981). However, we hold that no prescriptive right can be acquired in property belonging to the Navajo Nation or dedicated to a community use. To allow prescription is similar to authorizing only a few individuals to utilize public property to the exclusion of others. This process would disrupt the beneficial use of that property and result in numerous disputes.

For the same reasons we hold that the appellees did not acquire an easement in the irrigation ditch by necessity and implication. This does not mean that the appellees can forego their duty to clean and maintain the irrigation ditch. That duty is required of the appellees as a condition to their holding of a land use permit: "The acceptance of this assignment requires that you do your full share of the work required to keep the ditches

clean, maintain the principal water distribution system, and control waste water." Land Use Permit, Section B1.

The facts are uncontroverted that the appellees have made economical and beneficial use of the water from the irrigation ditch for over 28 years. Their right to use the water is also apparent on their land use permit. We hold that the appellees have acquired an interest in the water and any intentional obstruction upstream is compensable to the appellees.

This case will be remanded to the District Court to determine the nature and extent of the appellees' interest in the water. In addition, the appellees will recover, upon proper proof, damages for all injuries which are the direct, natural and proximate result of the appellants' conduct. The appellants can introduce evidence to minimize damages.