REYNOLDS, GEORGE S., Associate Judge,
concurring in part, dissenting in part.
I concur with the results in this case as I believe the Plaintiff failed in carrying the burden of proof necessary to establish a prescriptive easement on behalf of the public.
However, I disagree with the conclusion that Petitioner did not have standing to bring the action to establish a prescriptive easement on behalf of the public.[1] (E.S.) The fact that a party may not be able to successfully prove an action for a private prescriptive easement because of permissive use is not necessarily, in my opinion, an automatic bar to that same party having standing to bring an action for a prescriptive easement on behalf of the public. The special, particular, or peculiar injury or interest that is required to bestow standing upon a party seeking a public prescriptive easement is not waived or destroyed because a party had permission to use a roadway for its own purposes and therefore could not prove by sufficient evidence an action for a private prescriptive easement.
In this case Proctor and Gamble had a pulpwood Plant which was used “... for the transportation of Forest products by its independent contractors to its Foley plant.”[2] The fact that use of this road made P & G’s industrial plant much more accessible and that it is no longer available due to a gate having been erected across it creates the necessary special injury to P & G, and therefore standing, to bring an action for a prescriptive easement on behalf of the public. There is not any difference, in my opinion, between P & G’s logging trucks having to travel a longer route to get to the Foley Plant than the special injury shown in Brown v. Chautauqua Ass’n, 59 Fla. 447, 52 So. 802 (1910) where the hotel’s patrons had to travel a longer route to get to the hotel. I see standing as separate and distinct from the evidentiary issue of permissive use. The former goes to the right to bring a lawsuit and the latter to a question of burden of proof.
Neither is the fact that the action was not brought by or joined in by a public entity an automatic bar to a party having standing to *183 bring an action for a prescriptive easement on behalf of the public if it can demonstrate and prove the requisite elements. Grove v. Reeder, 53 So.2d 530 (Fla.1951), and Orange Blossom Hills, Inc. v. Kearsley, 299 So.2d 75 (Fla. 1st DCA 1974).

. It is interesting that the parties in their PreTrial Stipulation stipulated that the only issues of fact or law to be decided by the Trial Judge was "Whether the evidence presented satisfactorily shows the general public established a prescriptive easement for ingress and egress over the real property now owned by the Defendants.” (E.S.)

. See: the record at R-253 where in the Pre-trial Stipulation the parties stipulated to P & G’s use of the road by its independent contractors.