PER CURIAM.
Foster F. Burgess (Appellant) appeals from a final judgment and an order on motion for rehearing that granted Appellees a private prescriptive easement over a portion of Appellant’s property. Viewing the evidence in the light most favorable to sustaining the result, we are constrained to conclude that the record failed to show that Appellees’ use of specific trails across Appellant’s property was adverse for the requisite period of time set forth under Florida law. Therefore, the record failed to demonstrate sufficient proof of all the required elements of a prescriptive easement. City of Daytona Beach v. Tona-Rama, Inc., 294 So.2d 73, 76 (Fla.1974); Downing v. Bird, 100 So.2d 57, 64 (Fla.1958); Guerard v. Roper, 385 So.2d 718, 720-21 (Fla. 5th DCA), rev. den., 392 So.2d 1378 (Fla.1980); J.C. Vereen & Sons, Inc. v. Houser, 123 Fla. 641, 167 So. 45, 47 (1936); Phelps v. Griffith, 629 So.2d 304 (Fla. 2d DCA 1993); Telesco v. Nooner and Neal Co., 600 So.2d 1291 (Fla. 1st DCA 1992); Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983); Gibson v. Buice, 394 So.2d 451 (Fla. 5th DCA 1981); Suwannee River Water Management District v. Price, 651 So.2d 749 (Fla. 1st DCA 1995); State ex rel. Shorett v. Blue Ridge Club, Inc., 22 Wash.2d 487, 156 P.2d 667 (1945).
REVERSED.
WEBSTER, MICKLE and VAN NORTWICK, JJ., concur.