PER CURIAM.
Perimeter Property, Inc. appeals and the City of Fort Lauderdale cross-appeals the final judgment entered in this quiet title and prescriptive easement case. The property which is the subject of this appeal is a strip of land near the Hugh Taylor Birch State Park in Fort Lauderdale called the “hiatus.” We affirm the trial court’s ruling that the hiatus does not ex *372 ist. The trial court’s determination of the boundary lines in dispute is supported by substantial competent evidence and is based upon a proper application of surveying principles and hierarchy of the calls.
We also affirm the trial court’s denial of the City of Fort Lauderdale’s claim for a public prescriptive easement over the hiatus. The City’s proof failed to demonstrate that the use of the easement was adverse and that the adversity was open and notorious to the adjacent land owners. See Downing v. Bird, 100 So.2d 57, 64 (Fla.1958)(“[I]n either prescription or adverse possession, the use or possession is presumed to be in subordination to the title of the true owner, and with his permission and the burden is on the claimant to prove that the use or possession is adverse.”); Genet v. City of Hollywood, 400 So.2d 787, 789 (Fla. 4th DCA 1981)(clear and definite proof of adversity for the full period is necessary to successfully acquire a prescriptive easement); Crigger v. Fla. Power Corp., 436 So.2d 937, 942 (Fla. 5th DCA 1983)(“A11 use of land by a non-owner is presumed to be with the permission of the owner.”); see also Deseret Ranches of Fla., Inc. v. Bowman, 389 So.2d 1072 (Fla. 5th DCA 1980)(finding no prescriptive easement where evidence failed to show that use of road by claimant was inconsistent with use and enjoyment by owner).
We affirm on all other issues raised in this appeal and cross-appeal.
AFFIRMED.
POLEN, C.J., GROSS and TAYLOR, JJ., concur.