PER CURIAM.
The owner of a trailer park appeals from a final judgment holding that dedicated easements for private drives through the trailer park have not terminated and that an easement by prescription has been acquired over the private drives. We affirm in part and reverse in part.
The subdivision in question consists of a trailer park on the east and residential lots on the west. The residential lots face on Redbank Drive, a dedicated public road which runs from Ellison Wilson Road on the west to the trailer park on the east. At the east end of Redbank Drive are two private drives, North Redbank Drive and Seabright Drive, which extend parallel from that point eastward through the trailer park to U. S. Highway I.
The original plat of the subdivision expressly recited that the owners:
grant easements in the drives, private roads, walks and common grounds to the extent necessary for the use, benefit and service of the owners of all sublots and parcels in this subdivision and reserving unto themselves, their heirs, successors and assigns or legal representatives the reversion or reversions of all easements or rights of way whenever the same shall be abandoned or discontinued by law.
The dispute here is between appellant, trailer park owner, who seeks to have North Redbank Drive and Seabright Drive closed off to vehicular traffic from and to Red-bank Drive, and appellees, the owners of property along Redbank Drive, who wish to maintain vehicular access to U. S. Highway I through the trailer park. At trial appellant’s sole witness testified that the easements for vehicular traffic on North Red-bank Drive and Seabright Drive were no longer necessary as the property owners on Redbank Drive had ready access in all kinds of weather to Ellison Wilson Road on the west, which they did not have when the subdivision was platted. She further testified that the vehicular traffic over the private drives through the trailer park was “like Grand Central Station” and constituted a safety hazard. Appellant had no objection to a pedestrian easement through *1129 the trailer park. Appellees presented evidence that the residents along Redbank Drive have continued to use North Redbank Drive and Seabright Drive constantly for over twenty years.
Our only quarrel with the final judgment is the inconsistency in finding the dedicated easements not to be terminated and at the same time concluding an easement by prescription was acquired. . One easement cannot be characterized by the elements necessary both for permissive and prescriptive use. In Downing v. Bird, 100 So.2d 57, 64 (Fla.1958), the court said:
In either prescription or adverse possession, the right is acquired only by actual, continuous, uninterrupted use by the claimant of the lands of another, for a prescribed period. In addition the use must be adverse under claim of right and must either be with the knowledge of the owner or so open, notorious, and visible that knowledge of the use by and adverse claim of the claimant is imputed to the owner. In both rights the use or possession must be inconsistent with the owner’s use and enjoyment of his lands and must not be a permissive use, for the use must be such that the owner has a right to a legal action to stop it, such as an action for trespass or ejectment.
The use of the private drives here was pursuant to the dedicated easements. Further, the pleadings reflect that in an earlier dispute over continued vehicular use of one of the two private drives the owners of the residential lots and the prior owner of the trailer park stipulated to the entry of an injunction, preventing the trailer park owner from obstructing access to the drive. The stipulation is consistent with permissive use.
Accordingly, we affirm that part of the final judgment which holds the dedicated easement not to have terminated and reverse the conclusion that an easement by prescription was acquired.
AFFIRMED IN PART and REVERSED IN PART.
MOORE, BERANEK and GLICKSTEIN, JJ., concur.