PEARSON, Chief Judge.
The defendant, Esquire Estates, Inc., appeals a final judgment making permanent an injunction which prevented the appellant from demolishing the east wall of a two-story building located on its property.[1] The appellees are Israel Krakow and Gen-ia Krakow, his wife. They were the plaintiffs in the trial court and had secured a temporary injunction as follows:
“1. That ESQUIRE ESTATES, INC., a New York corporation, and JOHN DOE, and all officers, agents and others working by, under or in conspiracy with the said JOHN DOE, whose identity at this time is unknown, who is destroying, tearing down and causing irreparable damage to the building located upon the real property of the Plaintiffs herein be and are hereby forthwith and immediately enjoined from tearing down that portion of the east wall of the building of the Defendant, ESQUIRE ESTATES, INC., that is located at the east boundary of the property of the Defendant, ESQUIRE ESTATES, INC. legally described as:
Lot 2, in Block 138 NORTH, CITY OF MIAMI, according to the Plat thereof, as recorded in Plat Book ‘A’ at page 54 of the Public Records of Dade County, Florida * * *”
The judgment which is appealed was entered after a trial of the issues made by the complaint and the answer.
The facts out of which this litigation grew began as nearly as the parties were able to determine in 1919 when the appellant’s predecessor in title erected a two-story building on a lot facing West Flagler Street in Miami, Florida. Sometime thereafter and according to the estimate of the parties in 1920 appellee’s predecessor in title built a building facing on S.W.2nd Avenue. The rear of the building facing S.W. 2nd Avenue was simply attached on to the rear twenty feet of the east wall of the appellant’s already erected building. There were several predecessors in title to each of the parties now before the court but there was no predecessor in title common to both of them. The method by which ap-pellee’s building was attached to appellant’s building was such that it was not observable without demolition. In fact, each party was totally ignorant of the existence of the situation until appellant began to demolish his building.
Upon the progress of the demolition, the situation as to the common wall was discovered. The appellees filed a complaint in the circuit court in which they alleged that “a portion of the east wall of the building located at the east boundary of the property of the appellant Esquire Estates, Inc., and the west wall of the building of the appellees Krakow was a party wall.” It was also alleged that the wall had been in existence for more than twenty years. As a basis for their contention that the wall was a party wall, the complaint alleged that it was “understood and agreed that the party wall would continue *505 to be a party wall to the original building and its successors.”
At the trial, an additional fact was ascertained which has a bearing on the case. A survey demonstrated that appellant’s wall was approximately one inch inside its own property line and that appellee’s building actually encroached upon appellant’s property by one inch. The facts as above set out were in the main without controversy between the parties. The question is whether or not these facts gave right to an easement in the appellees upon appellant’s property. This type of easement described is a party wall. See 24 Fla.Jur. Party Walls (1959).
The trial judge found that the easement existed. On this finding, we think that he is in error. A true party wall usually arose at common law from a situation where the two properties had a common ownership and the subsequent sale of the two ajoining buildings to separate parties. It was reasoned that under these circumstances the law implied an easement in both parties to the uses of the wall which was common to them both. Nabers v. Wise, 241 Ala. 612, 4 So.2d 149 (1941). On this appeal, appellee has suggested that the right to the party wall grew out of the right of long user and a type of adverse possession. See 3 Am.Jur.2d Adverse Possession § 3 (1962) ; and 40 Am.Jur. Party Walls § 5 (1956).
This origin of the right to a party wall cannot successfully be maintained on this record because there is no proof that the user was open and obvious during any twenty year period. Hunt Land Holding Company v. Schramm, Fla.App.1960, 121 So.2d 697. The evidence requires an entirely contrary conclusion inasmuch as none of the witnesses presented to the court knew of the user prior to its discovery just before the beginning of this litigation. We therefore hold that appellee had no prescriptive right to the use of appellant’s land or wall.
It has been suggested that the circumstances of this case were such that the court should presume that there was an actual agreement for the use of appellant’s wall as a party wall and then enforce that agreement. This record is devoid of any evidence upon which an agreement could be presumed. Without deciding that an agreement could be presumed and then enforced, we hold that such a holding if made by the trial court would be error in this case because it would be unsupported by the record.
It is our conclusion that the court in attempting to do justice between the parties has entered a judgment which cannot be supported under the law applicable to this case. We therefore reverse the judgment with directions to enter a judgment dismissing appellee’s complaint.
Reversed.

. “2. That the Defendant, by the indemnification to the Plaintiff and protection against Plaintiff’s property suffering injury, may modify this injunction by the repair or removal of the said west wall of the two story building located at 14 S.W. Second Avenue, Miami, Florida, legally described as follows :
The South 20 feet of the West 45 feet of Lot 1, in Block 138 NORTH, CITY OF MIAMI, according to the Plat thereof, as recorded in Plat Book ‘A’ at page 54 of the Public Records of Dade County, Florida.”