GRIMES, Judge.
The plaintiffs (appellants) filed suit seeking access across the property of defendants (appellees) to State Road 19. Title to both properties devolved from a common grantor. The complaint requested declaratory and injunctive relief based upon one of three alternative remedies:
(1) implied grant of way of necessity pursuant to Fla.Stat. § 704.01(1) (1973);
(2) statutory way of necessity pursuant to Fla.Stat. § 704.01(2) (1973); and
(3) prescriptive easement.
*34 By sworn complaint and affidavit, the plaintiffs asserted that they and their predecessors in title for a period of more than twenty years had continuously and openly used an easement over the defendants’ property for ingress and egress to State Road 19. One of the defendants filed an affidavit stating that none of the plaintiffs or their predecessors had had the continuous use of the defendants’ property for ingress and egress for any twenty year period since the conveyance of the property from the common grantor. The court entered summary judgment for the defendants with the observation that the plaintiffs had other access to their property.
With respect to the claim for prescriptive easement, the issue on this appeal has boiled down to whether the plaintiffs’ failure to state in the affidavit the conclusion that their use of the easement was “adverse” is fatal to their position.
In Downing v. Bird, Fla. 1958, 100 So.2d 57, the Supreme Court stated:
“In either prescription or adverse possession, the right is acquired only by actual, continuous, uninterrupted use by the claimant of the lands of another, for a prescribed period. In addition the use must be adverse under claim of right and must either be with the knowledge of the owner or so open, notorious, and visible that knowledge of the use by and adverse claim of the claimant is imputed to the owner. In both rights the use or possession must be inconsistent with the owner’s use and enjoyment of his lands and must not be a permissive use, for the use must be such that the owner has a right to a legal action to stop it, such as an action for trespass or ejectment.
“Further in either prescription or adverse possession, the use or possession is presumed to be in subordination to the title of the true owner, and with his permission and the burden is on the claimant to prove that the use of possession is adverse. . . .”
These principles were amplified in Hunt Land Holding Company v. Schramm, Fla. App.2d, 1960, 121 So.2d 697, where it was said:
“There is a distinction between acquiring of title by adverse possession and the acquiring of a prescriptive right. In the former, title must be through possession. In the latter, a prescriptive right is through the use of the privilege without actual possession. In acquisition of the title by adverse possession, the possession must be exclusive, while in acquisition of a prescriptive right, the use may be in common with the owner or the public. Downing v. Bird, supra.
“In either prescription or adverse possession, the use or possession is presumed to be in subordination to the title and thus is presumed to be permissive. However, the presumption of permissive use or possession is not conclusive and is ineffectual in the face of facts which cause its dissipation.
“Declarations or assertions by a claimant are not essential to possession or use under claim of right; rather, the adverse character of possession or use is a question discoverable and determinable from all the circumstances of the case. .” (Emphasis supplied.)
This court went on to hold that the continuous, uninterrupted, open and notorious use of a ditch for drainage was sufficient to impute to the landowners that the claimants were exercising their privilege under an adverse claim of right which was inconsistent with the rights of the owners to the use and enjoyment of their lands.
In order to obtain a summary judgment in this case, the burden was upon the defendants to show conclusively that there were no material issues of fact. Smith v. Avis Rent-A-Car System, Inc., Fla,App.2d, 1974, 297 So.2d 841. Whether the plaintiffs’ use of the easement was of a sufficient character as to constitute an ad *35 verse use cannot be answered until the surrounding facts and circumstances have been fully developed. Hunt Land Holding Company v. Schramm, supra.
In view of our holding on the claim for prescriptive easement, there is no need to consider the plaintiffs’ contentions with respect to the other two remedies sought in the complaint. Suffice it to say, the issues raised by these claims are not free from doubt, and the development of additional facts at a trial may well assist the court in ultimately passing upon the validity of these claims.
REVERSED and REMANDED.
McNULTY, C. J., and SCHEB, J., concur.