## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Donnelly

    v.

C & E Partnership

October 22, 1984

Case No. (Chancery) 15217

### By JUDGE ALBERT H. GRENADIER

The petitioner seeks a declaratory judgment that a wall, which was formerly part of his building, but which is now free-standing, and which is located entirely on his property, is not a party wall. The defendant partnership, on the other hand, contends that the wall in question is a party wall, and that it has acquired an easement by prescription therein.

In *Bellenot* v. *Laube*, 104 Va. 842 (1906), the Supreme Court of Virginia defined a party wall as "a dividing wall between two houses, to be used equally, for all the purposes of an exterior wall, by the respective owners of both houses. It is a substitute for a separate wall for each adjacent owner . . . ." *Bellenot* also holds that in the absence of evidence to the contrary, every wall of separation between two buildings is presumed to be a party wall.

A wall may stand entirely on the property of one adjoining landowner and still have the status of a true party wall. 60 Am.Jur.2d 275, *Party Walls*, § 2; *Third National Bank* v. *Goodlet Realty Co.*, 425 S.W.2d 788 (Tenn. 1967). However, where one wall of a building is constructed flush with the lot line, but wholly on its own lot, the adjoining owner can acquire no interest or easement in such wall other than by grant or prescription, and cannot, as a matter of right, use such wall as a common wall. *Coumas* v. *Transcontinental*

*Garage, Inc.*, 68 Wyo. 99, 230 P.2d 748, 41 A.L.R.2d 539.

The Court is of the opinion that the presumption expressed in *Bellenot* does not arise where the wall is entirely on the land of one owner. 69 C.J.S. *Party Walls*, §§ 2 and 3; 60 Am. Jur. 2d 304, *Party Walls* Section 42. In addition, the photographs placed in evidence by the parties clearly demonstrate that there was no common wall forming a part of each building.

There is no evidence that an easement by grant exists in this case. If the respondent has an easement in the wall it has to be by prescription. To establish an easement by prescription the Court must find that the party claiming the prescriptive right is engaged in a use which is adverse, under claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the landowner for at least twenty years. *Robertson* v. *Robertson*, 214 Va. 76 (1973). Under the doctrine expressed in *Craig* v. *Kennedy*, 202 Va. 654 (1961), the defendant may "tack" his period of ownership to his predecessors in title when determining whether the twenty-year possession requirement has been met.

In *Esquire Estates, Inc.* v. *Krakow*, 249 So.2d 503 (Fla. App. 1971), the court held that in order to establish an easement by prescription in a party wall the user must be open and obvious during the twenty-year period, and if the only way to determine the attachment of one building to another is to tear the wall down, then the use is not open and obvious and no prescriptive easement is established.

It is the opinion of the Court that the evidence presented fails to establish all of the elements of an easement by prescription in the subject wall. There is no evidence that the plaintiff or his predecessors in title knew or acquiesced in the respondent's use of the wall. Nor was such use open and obvious. Any use of the wall made by the respondent was hidden from common observation.

Nor does the Court believe it necessary to consider the concept of implied grant in reaching its opinion. Whether the wall provides support for the respondent's building is not an issue in the absence of the prescriptive right, although the Court is persuaded from the evidence that with the possible

exception of very recent activity by the respondent the wall does not provide such support.

For the reasons stated above the Court finds that the wall in question is not a party wall and that the defendant has no right to use the same for any purpose.