ALLEN, Judge.
Barry Cook and Samuel Rives, the defendants below, appeal the final summary judgment entered in favor of The Proctor & Gamble Cellulose Company, the plaintiff *689 below, and assert as error the trial court’s denial of their own motion for summary judgment. For the reasons that follow, we reverse the final summary judgment entered in Proctor & Gamble’s favor, but we conclude that the record before us fails to demonstrate reversible error in the trial court’s denial of the appellants’ motion for summary judgment.
Over thirty years ago, Proctor & Gamble built a road across the property of Lewin Jones after securing Jones’s permission to do so. In 1988, Jones’s widow sold the property to the appellants and they subsequently erected a gate upon it which blocked the road. Proctor & Gamble then sued the appellants, seeking removal of the gate, and ultimately, a declaration that Proctor & Gamble and the public had acquired the right to use the road by virtue of a prescriptive easement. In response, the appellants contended, among other things, that no prescriptive easement existed because the use of the road by Proctor & Gamble and the public had been permissive. In granting Proctor & Gamble’s motion for summary judgment and denying the appellants’ cross motion, the trial court determined that a prescriptive easement had been established on behalf of the public, and, therefore, the appellants’ interference with the public’s use of the road must be enjoined.
The right to a prescriptive easement is acquired only by actual, continuous, uninterrupted use by the claimant of the lands of another for a prescribed period. The use must be adverse to the owner under claim of right and must either be with the knowledge of the owner or so open, notorious and visible that the knowledge of the use by and adverse claim of the claimant is imputed to the owner. Downing v. Bird, 100 So.2d 57, 64 (Fla.1958); Gay Bros. Constr. Co. v. Florida Power & Light Co., 427 So.2d 318, 320 (Fla. 5th DCA 1983). Our review of the affidavits, depositions, answers to interrogatories and other evidence relied upon by the parties in support of their respective positions persuades us that conflicting inferences may be drawn concerning whether the elements of a prescriptive easement have been satisfactorily proven. Because the evidence adduced is susceptible of opposing reasonable inferences, it was error to enter final summary judgment in Proctor & Gamble’s favor. For the same reason, the record before us fails to indicate that the trial court reversibly erred in denying the appellant’s motion for summary judgment. See, Burkett v. Parker, 410 So.2d 947, 948 (Fla. 1st DCA 1982) (a party moving for summary judgment must not only show that the facts support his own theory of the case, rather, he must demonstrate that the facts show that the opposing party cannot prevail); Nazworth v. Swire Florida, Inc., 486 So.2d 637 (Fla. 1st DCA 1986) (if the evidence is susceptible of several inferences, one of which will support the non-moving party’s theory of the case, the issue should be determined by the trier of fact); and Singer v. Star, 510 So.2d 637, 641 (Fla. 4th DCA 1987) (same).
Accordingly, we reverse the entry of final summary judgment in the appellee’s favor, we conclude that the record reveals no reversible error in the trial court’s denial of the appellants’ motion for summary judgment, and we remand for further proceedings consistent with this opinion.
ERVIN and SMITH, JJ., concur.