600 So.2d 1291 (1992)
Dominick TELESCO and Rose Telesco, his wife, Appellants,
v.
NOONER AND NEAL COMPANY, INC., a Florida corporation and Wallace E. Graichen and Eva M. Graichen, his wife, Appellees.
No. 90-2708.
District Court of Appeal of Florida, First District.
June 25, 1992.
Ronald L. Jones, Tallahassee, for appellants.
C. Dean Lewis and James W. Prevatt, Jr., Airth, Sellers, Lewis & Prevatt, Live Oak, for appellees.
PER CURIAM.
Appellants seek reversal of a final judgment which established a prescriptive easement for road purposes across a portion of the eastern boundary of their property. We reverse.
Appellants raise several issues in this appeal, but only one merits discussion. Appellants correctly note that an easement by prescription is established upon a showing of twenty years of adverse use. Downing *1292 v. Bird, 100 So.2d 57 (Fla. 1958); Turner v. Wheeler, 498 So.2d 1039 (Fla. 1st DCA 1986). It is clear, however, that under Florida law, the use or possession of land by someone other than the owner is subordinate to the title of the true owner and is presumed to be with the owner's permission. Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA), rev. denied, 392 So.2d 1378 (Fla. 1980); Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983); Anderson v. Toole, 329 So.2d 33 (Fla. 2d DCA 1976).
Appellants purchased their property in 1982, seven years before appellees filed suit seeking establishment of a prescriptive easement. There is no basis in the stipulated statement of evidence (submitted by the parties in lieu of a transcript) for concluding that the use of the easement area prior to appellants' purchase of the property was adverse. The stipulated statement is silent on the issue of whether use of the roadway was permissive during the period of time required to establish a prescriptive right. There is no finding of fact contained in the final judgment on this essential element of adverse use. Guerard v. Roper, supra, quoting, Downing v. Bird, supra. Because there is no evidence from which it may be determined whether appellants' predecessors permitted or sought to deny use of the property by appellees and their predecessors, the presumption of permissive use has not been overcome, and the final judgment must be reversed. The assessment of costs against the appellants must necessarily be reversed as well. In reaching this decision, we have not considered portions of the record which were improperly received by this court.[1]
REVERSED.
ERVIN, SMITH and KAHN, JJ., concur.
NOTES
[1] Upon motion of appellants, improvidently granted by this court, appellants were allowed to supplement the record with depositions not shown to have been received in evidence by the trial court. Although appellees failed to object to this supplementation initially, they later filed their motion to strike appellants' statement of facts and other portions of appellants' initial brief containing references to these depositions. We grant appellees' motion to strike all references to the improperly included depositions.