629 So.2d 304 (1993)
Gary PHELPS and Beatrice Phelps, Appellants,
v.
Paul E. GRIFFITH, Monica C. Griffith, Jack J. Westerterp and Lucille A. Westerterp, Appellees.
No. 93-02386.
District Court of Appeal of Florida, Second District.
December 22, 1993.
*305 J. Craig Myrick, Clermont, for appellants.
Clifford R. Rhoades of Clifford R. Rhoades, P.A., Sebring, for appellees.
PER CURIAM.
This appeal is taken from a judgment awarding a prescriptive easement to appellees. We reverse.
All parties are property owners in the Hen Scratch area of Highlands County. The dispute concerns an unpaved road known as Lemon Patch Road, which runs along the southmost 15 feet of appellants' property and thence to the property of appellees. Adjacent to this is a 15-foot-wide easement deeded to appellees for purposes of ingress and egress. Photographs in the record show, in effect, two parallel dirt lanes, the more "improved" of which is Lemon Patch.
In 1992 appellants fenced off the Lemon Patch Road, purportedly in response to a "nasty comment," prompting appellees' suit. Prior to that time, appellees and their predecessors apparently preferred to use the better road  the one across appellants' land  and did so with neither the formal permission of the lawful owners nor any indication of the owners' objection.
The law concerning prescriptive easements is set forth in Downing v. Bird, 100 So.2d 57 (Fla. 1958). See also Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983). Like adverse possession, the right to such an easement is acquired only by actual, continuous, uninterrupted use by the claimant for a prescribed period, in this instance twenty years. The use must be adverse and "either ... with the knowledge of the owner or so open, notorious, and visible that knowledge ... is imputed." 100 So.2d at 64. It must be inconsistent with the owner's use and enjoyment, and must not be a permissive use "such that the owner has a right to legal action to stop it." Id. See also Sapp v. General Development Corp., 472 So.2d 544 (Fla. 2d DCA 1985).
Although there is a presumption that a use is permissive, that presumption is not conclusive. Hunt Land Holding Co. v. *306 Schramm, 121 So.2d 697 (Fla. 2d DCA 1960). Rather, the courts should look to whether the use was beneficial to the actual owner, or was instead an interference with the owner's rights. City of Daytona Beach v. TonaRama, Inc., 294 So.2d 73 (Fla. 1974). In effect, the possessor must "hold [the property] as his own and against all persons." Goodno v. South Florida Farms Co., 95 Fla. 90, 116 So. 23, 25 (1928). All doubts as to the adverse character of a claimant's pattern of use must be resolved in favor of the lawful owner of the property. City of Jacksonville v. Horn, 496 So.2d 204 (Fla. 1st DCA 1986).
Appellants dispute, first, that the use of the Lemon Patch Road was continuous, and attempt to detail a history of intermittent use only. Second, they dispute that appellee's use of the road was inconsistent with their own use of the land, that is, that appellees' use was "adverse."
As to the first question, appellees presented evidence that the road has been in constant use since 1965; this, in our view, was sufficient to sustain the trial court on this point. However, we do agree with appellants that all evidence in the record points to a permissive, rather than adverse, use of the Lemon Patch Road. The facts of this case are quite similar to those in Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA), rev. denied, 392 So.2d 1378 (Fla. 1980). There, both parties used a road for ingress and egress until, after a dispute, the lawful owner closed it. It was this disagreement, not the pattern of use extending back from that time, that furnished "the required adversity or hostility." 385 So.2d at 721.
Of no help to appellees is our decision in Hunt Land Holding Co. v. Schramm, notwithstanding its recognition that the presumption of permissive use is "ineffectual in the face of facts which cause its dissipation." 121 So.2d at 700. Hunt involved a drainage ditch "constructed at a time and under circumstances and by persons not now ascertainable," benefitting all surrounding landowners ("rival subdivision developers"), maintained by the state road department, and "considered as necessary" by various agencies of Broward County. Id. at 699, 700. The controversy began when the property owner dammed the ditch and flooded the neighbors' land. Our court upheld the chancellor's finding that the ditch was "inconsistent with the rights of the owners to their use and enjoyment of the lands" and therefore an adverse use. 121 So.2d at 701. The opinion does not describe the "clear and positive evidence" offered in support of this finding, but notes that the owner presented no evidence, relying instead solely upon the presumption of permissive use.
In the present case, there was at least implicit evidence of consent by the present and former owners of the land underlying Lemon Patch Road. Although no one could recall when, or whether, these owners had given express permission to traverse the improved road rather than the adjacent deeded easement, there also was no evidence whatsoever that appellees' use of the road prevented appellants or their predecessors from doing anything they wanted with their property. Although counsel for appellees represented that appellants were "disallow[ed] the right to plant citrus trees" or make other use of the 15-foot strip, there was no showing appellants had ever attempted or desired to use this portion of their land for anything other than a road. Accordingly, we reverse the final judgment awarding appellees a prescriptive easement and remand this case with instructions to enter judgment for appellants.
Reversed.
CAMPBELL, A.C.J., and PARKER and PATTERSON, JJ., concur.