PER CURIAM.
This is an action by The Proctor & Gamble Cellulose Company (P & G) to establish a public prescriptive easement over property owned by appellants Cook and Rives. Following remand from this court’s decision in *181 Cook v. Proctor & Gamble Cellulose Co., 599 So.2d 688 (Fla. 1st DCA 1992), appellee P & G, after a nonjury trial, recovered a final judgment against appellants Cook and Rives. By its terms, the final judgment found, “the plaintiff [P & G] on behalf of the general public, has established an easement for ingress and egress over and across the real property [owned by Cook and Rives].” We reverse.
In its action to establish a prescriptive easement, P & G conceded it would be unable to prevail in its own right. This is necessarily so because appellants’ predecessor in title gave permission to P & G’s predecessor in title to construct and use the roadway. Parties seeking to obtain a right of use by prescription must demonstrate actual, continuous, uninterrupted use of the lands of another for a prescribed period, which in Florida is twenty years. In addition, however, such use must be adverse to and inconsistent with the owner’s use and enjoyment of the lands. Downing v. Bird, 100 So.2d 57, 64 (Fla.1958). Bowing to this rule of law, P & G sought to establish a “public” prescriptive easement. The land in question comprises the southernmost 700 feet of a 22 mile road which has been used for many years by P & G and its predecessor, Buckeye Cellulose Company, for commercial purposes.
P & G presented the evidence of four people concerning the use of the road. Jack Byrd, an independent contractor who harvests timber for P & G, testified that he has used the road since 1965 hauling logs and traveling to and from home. Larry Harrington, the district manager for the Florida Division of Forestry, testified that the road is a main artery for transporting heavy and wide equipment. J.W. Russell indicated by affidavit that he has used the road for his own personal use for over 30 years. A.J. McCall also stated by affidavit that he has used the road for his farming and cattle business and personal use for over 30 years. The use of the road by four people does not establish substantial use by the public so as to lead to a public prescriptive right. “[T]here must be usage of the claimed easement area by the public in general, not merely by a few individuals, as, for example, by a handful of persons having business on an alleged public road.” Bruce & Ely, The Law of Easements and Licenses in Land, 5-43 (1988 and Supp.1993) (citations omitted).
The evidence further fails to sustain a finding that use of the road by parties other than P & G was inconsistent with the owner’s use of the land. Downing v. Bird, supra. Doubts as to the creation of a prescriptive right must be resolved in favor of the land owner. Quail Hollow Farms, Inc. v. Young, 426 So.2d 1143 (Fla. 1st DCA 1983). Under Florida law, any use in common with the owner is presumed to be subordinate to the owner’s title and with the owner’s permission. Gibson v. Buice, 394 So.2d 451 (Fla. 5th DCA 1981). “Ah doubts as to the adverse character of a claimant’s pattern of use must be resolved in favor of the lawful owner of the property.” Phelps v. Griffith, 629 So.2d 304, 306 (Fla. 2d DCA 1993). The requisite use must be inconsistent with the owner’s use and enjoyment. Id. at 305.
Appellant’s predecessor in title, Mrs. Minnie Jones, freely allowed P & G (Buckeye) to use the road. She never attempted to restrict access to the road and used the road herself to travel to the doctor. The record contains no evidence to support a finding that use of the road by several individuals, or by state forestry vehicles, in common with Mrs. Jones, was inconsistent with her right and ownership of the road. The evidence presented by P & G, a private claimant, is insufficient to overcome the strong presumption in favor of permissive use by nonowners.
We also find that P & G does not have standing to assert the rights of the public on the facts of this case. We would ignore reality were we to conclude that P & G has any purpose other than to establish its own right to use the road for its private commercial ends. “[I]t is generally a legally organized political entity, such as a city or county, which represents the general public in establishment of a public prescriptive easement.” Supal v. Miller, 455 So.2d 593, 595 (Fla. 5th DCA 1984). Significantly, despite three years of litigation, no other member of the public, and no representative body *182 has come forward to attempt to establish the easement.
Appellees identify Grove v. Reeder, 53 So.2d 530 (Fla.1951), and Orange Blossom Hills, Inc. v. Kearsley, 299 So.2d 75 (Fla. 1st DCA 1974), as cases in which a private plaintiff established a public prescriptive easement. These eases are distinguishable, however. First, neither case addresses the question of standing. In Grove, the evidence demonstrated use by the public from 1893 until Grove erected a barrier in 1948. Finally, both cases leave a reader with the strong impression that the complaining plaintiffs had standing in their own right to seek relief. Here, P & G as much as concedes otherwise.
Because it has no claim in its own right, P & G is unable to show a special injury stemming from appellant’s refusal to allow P & G to use the road. See Brown v. Florida Chautauqua Ass’n, 59 Fla. 447, 52 So. 802, 804 (1910) (“[Ijndividuals are not permitted to maintain separate judicial proceedings to redress a wrong that is public in its nature unless the individual suffers or is threatened with some special, particular, or peculiar injury growing out of the public wrong”).
Since appellee has failed to demonstrate the requisite continuous adverse character of any public pattern of use, and moreover has failed to show that it has standing to bring the action on behalf of the public, the final judgment granting a public prescriptive easement and other relief is REVERSED.
ERVIN and KAHN, JJ., concur.
REYNOLDS, GEORGE S., Associate Judge, concurs in part and dissents in part with written opinion.