651 So.2d 749 (1995)
SUWANNEE RIVER WATER MANAGEMENT DISTRICT, Appellant,
v.
Patrick W. PRICE, Appellee.
No. 94-1188.
District Court of Appeal of Florida, First District.
March 6, 1995.
*750 Chance H. Deason of Brannon, Brown, Haley, Robinson & Cole, P.A., Lake City, for appellant.
Robert A. Routa, Tallahassee, for appellee.
WEBSTER, Judge.
Appellant seeks review of a summary final judgment establishing a prescriptive easement over lands owned by appellant in favor of appellee and "his guests and invitees." Because we conclude that appellee failed to demonstrate conclusively that no genuine issue exists as to any material fact, we reverse.
To establish entitlement to a prescriptive easement, one must prove (1) that he or she and any predecessors in title have made actual, continuous and uninterrupted use of the lands of another for the prescriptive period (twenty years); (2) that (when the claim is to a right-of-way) the use has entailed a definite route with a reasonably certain line, width and termini; (3) that the use has been either with the actual knowledge of the owner or so open, notorious and visible that knowledge of the use must be imputed to the owner; and (4) that the use has been adverse to the owner  that is, without permission (express or implied) from the owner, under some claim of right, inconsistent with the rights of the owner and such that, for the entire period, the owner could have sued to prevent further use. E.g., Downing v. Bird, 100 So.2d 57 (Fla. 1958); Cook v. Proctor & Gamble Cellulose Co., 599 So.2d 688 (Fla. 1st DCA 1992); Supal v. Miller, 455 So.2d 593 (Fla. 5th DCA 1984); Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983). Because the law does not favor the acquisition of prescriptive rights, use or possession of another's land is presumed to be subordinate to the owner's title, and with the owner's permission; and the burden is on the claimant to prove that such use or possession is adverse to the owner. E.g., Downing; Phelps v. Griffith, 629 So.2d 304 (Fla. 2d DCA 1993); Telesco v. Nooner and Neal Co., 600 So.2d 1291 (Fla. 1st DCA 1992); Crigger.
To establish his entitlement to a summary judgment, appellee was obliged to demonstrate conclusively that no genuine issue of material fact existed as to any of the foregoing elements of his cause of action for a prescriptive easement, even after all reasonable inferences had been drawn in favor of appellant; and that, based upon the undisputed facts, he was entitled to a judgment as a matter of law. See, e.g., Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); American Crime Prevention Corp. v. Computerized Monitoring Service, Inc., 539 So.2d 1175 (Fla. 5th DCA 1989). Until appellee had met that initial burden, appellant was not obliged to present anything to contradict appellee's assertions. E.g., Clark v. Gochenaur, 623 So.2d 561 (Fla. 1st DCA 1993); Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993).
Based upon our review of the record, we hold that appellee failed conclusively to establish that he and any predecessors in title had made actual, continuous and uninterrupted use of the claimed easement for the prescriptive period. In addition, appellee failed conclusively to establish that any such use was adverse to the owners of the land during that period  that is, without their permission, under some claim of right, inconsistent with their rights and such that, for the entire period, they could have sued to prevent further use. Accordingly, the summary final judgment is reversed; and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
MINER and BENTON, JJ., concur.