PER CURIAM.
The Suwannee River Water Management District (District) appeals from a final judgment that granted appellee a private prescriptive easement and, alternatively, a statutory way of necessity across the District’s land. In addition appellee cross-appeals from the courts denial of his equal protection claim. We reverse with regard to the trial court’s grant of the prescriptive easement and statutory way of necessity as explained below, but we affirm with regard to the cross-appeal without further discussion.
This case previously appeared before us when the District appealed from a final summary judgment granting appellee a prescriptive easement across its land. Suwannee River Water Management Dist. v. Price, 651 So.2d 749 (Fla. 1st DCA 1995). We reversed for further proceedings because appellee failed to establish two of the elements he was required to prove: actual, continuous and uninterrupted use for the prescriptive period and adverse use for that period. In the instant appeal, we reverse the trial court’s grant of the prescriptive easement on these same grounds.
As we have previously stated, to establish a prescriptive easement, the proponent must prove, among other elements, that he or she and, if necessary, any predecessors in title have made actual, continuous and uninterrupted use of the lands of another for the prescriptive period of twenty years. Id. at 750. In the instant case, because appellee had only owned the land for 14 years at the time the District prevented his use of a narrow woods road on its property, he necessarily had to “tack” his use onto that of his predecessors in title to establish use for the requisite period. The record simply does not support the claim of actual, continuous and uninterrupted use by his predecessors in title. Thus, appellee failed to carry this burden.
Second, because appellee’s use “is presumed to be in subordination to the title of the true owner, and with his permission,” Downing v. Bird, 100 So.2d 57, 64 (Fla.1958), appellee also had the burden to demonstrate that his use and that of his predecessors in title was adverse to the owner, i.e., “without permission (express or implied) from the owner, under some claim of right, inconsistent with the rights of the owner and such that, for the entire period, the owner could have sued to prevent further use.” Price, 651 So.2d at 750. In the instant case, the trial court thus erred in placing the burden on the District to prove that appellee’s use of the District’s road was permissive. In addition, appellee faded to carry his burden to demonstrate adverse use. No competent record evidence rebuts the presumption of permissive use. In fact, the record clearly demonstrates that appellee’s own use before the District purchased the land was with the express permission of the District’s predecessor in title.
Finally, the trial court erred in alternatively granting appellee a statutory way of necessity across the District’s land. In Parham v. Reddick, 537 So.2d 132, 134 (Fla. 1st DCA 1988), this court acknowledged the well settled principle that there can be no statutory way of necessity unless there is no other access by common law application. The proponent of the statutory way of necessity has the burden to prove that there is no common law way of necessity. Id.; Faison v. Smith, 510 So.2d 928, 929 (Fla. 5th DCA 1987). In the instant case, appellee did not produce any evidence that a common law way of necessity was not available. Accordingly, the trial court erred in granting a statutory way of necessity.
JOANOS, MINER and DAVIS, JJ., CONCUR.