953 So.2d 640 (2007)
Sandra L. DAN, Trustee of the Sandra Dan Revocable Trust Under Agreement, George Atrio, and Office Express, Inc., Appellants,
v.
BSJ REALTY, LLC and J.R. Holdings, LLC, Appellees.
Nos. 3D05-438, 3D05-2954.
District Court of Appeal of Florida, Third District.
March 28, 2007.
*641 Greenberg Traurig, P.A., and Elliot H. Scherker and Pamela A. DeBooth, Miami, for appellants.
Greenspoon Marder, P.A., and Edmund O. Loos, III, and Victor S. Kline, Orlando; Shutts & Bowen, LLP, and Stephen B. Gillman and Suzanne Youmans Labrit, Miami, for appellee BSJ Realty, LLC.
Proskauer Rose, LLP, and Matthew Triggs, Gary W. Kovacs, and Elise D. Weakley, Boca Raton, for appellee J.R. Holdings, LLC.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The appellants, Sandra L. Dan, Trustee of the Sandra Dan Revocable Trust Under Agreement, George Atrio, and Office Express, Inc. (collectively referred to as "plaintiffs"), appeal a final judgment in favor of the appellees, BSJ Realty, LLC ("BSJ") and J.R. Holdings, LLC ("JRH")(collectively referred to as "defendants"), holding that the plaintiffs do not have a prescriptive easement over a twenty-five foot strip of land owned by the defendants. Because we find that the plaintiffs failed to establish their right to a prescriptive easement, we affirm.
The parties own abutting commercial real estate property comprising a warehouse development located in Hialeah, Florida. The dispute concerns a private roadway located in the rear of the warehouses which has been used for over thirty years by the abutting warehouse owners and tenants, including the parties and their predecessors in title, to gain access to the rear of their respective properties. Sometime in 2002, BSJ built a fence and gate at the rear of its property, thereby restricting the plaintiffs' use of the private roadway to access the rear of their warehouses. Prior to that time, the plaintiffs and their predecessors in title used the private roadway across the defendants' property without any objection and with no express permission from the lawful owners.
*642 The plaintiffs filed suit against the defendants asserting, in pertinent part, that they were entitled to a prescriptive easement over the disputed strip of land based upon their and their predecessors' continuous use of the private roadway for the prescriptive period. Following a bench trial, the trial court entered a final judgment in favor of the defendants, finding that the plaintiffs failed to prove all the elements necessary for a prescriptive easement, specifically, that the plaintiffs "failed to establish that their predecessors['] use during the prescriptive period was adverse, under claim of right, and inconsistent with [the] owners['] use and enjoyment." We agree.
In order to establish a prescriptive easement, the claimant thereof must, by clear and positive proof, prove: (1) actual, continuous, and uninterrupted use by the claimant or any predecessor in title for the prescribed period of twenty years; (2) that during the whole prescribed period the use has been either with the actual knowledge of the owner or so open, notorious and visible that knowledge of the use is imputed to the owner; (3) that the use related to a certain limited and defined area of land or, if for a right-of-way, the use was of a definite route with a reasonably certain line, width, and termini; and (4) that during the whole prescribed period the use has been adverse to the lawful owner; that is, (a) the use has been made without the permission of the owner and under some claim of right other than permission from the owner, (b) the use has been either exclusive of the owner or inconsistent with the rights of the owner of the land to its use and enjoyment, and (c) the use has been such that, during the whole prescribed period, the owner had a cause of action against the user for the use being made. Suwannee River Water Mgmt. Dist. v. Price, 651 So.2d 749, 750 (Fla. 1st DCA 1995)(citing Downing v. Bird, 100 So.2d 57 (Fla.1958)); Phelps v. Griffith, 629 So.2d 304, 305 (Fla. 2d DCA 1993); Crigger v. Fla. Power Corp., 436 So.2d 937, 944-45 (Fla. 5th DCA 1983); Guerard v. Roper, 385 So.2d 718, 720 (Fla. 5th DCA 1980). Because the law does not favor the acquisition of prescriptive rights, use or possession of another's land is presumed to be subordinate to the owner's title and with the owner's permission. Thus, the burden is on the claimant to prove that such use or possession is adverse to the true owner. Price, 651 So.2d at 750; Crigger, 436 So.2d at 943-44. Further, "[a]ll doubts as to the adverse character of a claimant's pattern of use must be resolved in favor of the lawful owner of the property." Phelps, 629 So.2d at 306.
There is no dispute, and the parties agree, that the plaintiffs and their predecessors in title continuously used the private roadway for the required prescriptive period of twenty years. There is also no dispute that such use was of a definite route with a reasonably certain line, width, and termini. As the trial court specified, the dispute centers on whether the plaintiffs' predecessors in title used the private roadway in a manner adverse to the lawful owners. Based upon our review of the record, we agree with the trial court that the plaintiffs failed to establish that their predecessors' use during the prescriptive period was adverse, under claim of right, and inconsistent with the lawful owners' use and enjoyment.
The record evidence indicates that the defendants' predecessors allowed the plaintiffs and their predecessors to freely use the private roadway and that both the defendants' predecessors and the plaintiffs' predecessors used the private roadway for the same common purposeto access the rear of their respective warehouses. This use in common with the owner is presumed *643 to be in subordination of the owner's title and with his or her permission. See Guerard, 385 So.2d at 721. Further, there is no evidence indicating that the defendants' predecessors attempted to restrict access to the private roadway or that the plaintiffs or their predecessors ever asked for or received permission to use the private roadway. The record does not contain sufficient evidence to support a finding that the use of the private roadway by the plaintiffs and their predecessors in title was inconsistent with the lawful owners' use and enjoyment of the private roadway. Consequently, the plaintiffs failed to overcome the strong presumption in favor of permissive use and accordingly, we affirm the trial court's finding of no prescriptive easement.[1]
Affirmed.
NOTES
[1] As to the order assessing costs against the plaintiffs in favor of BSJ, based on our affirmance of the trial court's final judgment, we also affirm the trial court's supplemental final judgment awarding costs to BSJ.