EVANDER, J.
 

 John and Beverly Stackman appeal from a final summary judgment imposing a prescriptive easement on their property. The uncontroverted evidence in the record was insufficient to establish the required elements of a prescriptive easement on behalf of appellee, Susan Pope, or any of the other homeowners on whose behalf she purported to bring this action. Therefore, we reverse.
 

 Pope filed the action below seeking a judicial determination that homeowners of the Hooperville Subdivision in Marion County had the right to use a boat ramp located on the Stackman property. She alleged that she was “the authorized and appointed representative by Power of Attorney for the property owners covered by the Power of Attorney who are property owners at the Hooperville Subdivision....”
 
 [1]
 

 Pope subsequently filed a motion for summary judgment, attaching fourteen affidavits of various property owners. The affidavits were all in the same format and included the following language:
 

 AFFIDAVIT OF_
 

 4. I own property located at _which is located in the Hooperville subdivision in Marion County Florida.
 

 5. I have continuously used the boat ramp located on Section 12, Township 13, Range 25, plat Book 009, Hooperville for the past_years.
 

 
 *133
 
 6. I have used the boat ramp described above under the belief that I had the right to use the same.
 

 7. I have never requested the permission of any title holders of the property to use the boat ramp.
 

 [[Image here]]
 

 9. I have used the boat ramp described above openly and without reservation from any prior title holders of the property and with the full knowledge of the prior title holders.
 

 As to paragraph 5 of the form affidavit, only three of the fourteen affiants averred that they had used the boat ramp for at least twenty years. None of the affidavits referenced use by predecessors in title, nor did any of the affidavits contain specific factual representations to support the conclusionary claim of “continuously used.”
 

 The Stackmans filed several affidavits in opposition to the motion for summary judgment. Without detailing the aver-ments of each counter-affidavit, it is sufficient to state that the property owners’ claims of continuous and open use of the boat ramp were disputed by individuals who had resided within -view of, or regularly traveled by, the boat ramp. Additionally, in two of the counter-affidavits, the affiants claimed that the boat ramp was unusable for a significant period of time because of the lack of maintenance on the property.
 

 In granting Pope’s motion for summary judgment, the trial court determined that a prescriptive easement existed on the Stackmans’ property. The trial court’s final order failed to identify the property to be benefitted by the easement.
 

 To establish a prescriptive easement, a claimant must prove, by clear and positive proof, 1) actual, continuous, and uninterrupted use by the claimant or any predecessor in title for the prescribed period of twenty years; 2) that the use was related to a certain, limited and defined area of land; 3) that the use has been either with the actual knowledge of the OAvner, or so open, notorious, and visible that knowledge of the use must be imputed to the OAvner; and 4) that the use has been adverse to the ovmer — that is, Avithout permission (express or implied) from the owner, under some claim of right, inconsistent with the rights of the owner, and such that, for the entire period, the OAvner could have sued to prevent further use.
 
 See Downing v. Bird,
 
 100 So.2d 57, 64 (Fla. 1958);
 
 Dan v. BSJ Realty, LLC,
 
 953 So.2d 640, 642 (Fla. 3d DCA 2007);
 
 Suwannee River Water Mgmt. Dist. v. Price,
 
 651 So.2d 749 (Fla. 1st DCA 1995);
 
 Crigger v. Florida Power Corp.,
 
 436 So.2d 937, 944-45 (Fla. 5th DCA 1983).
 

 Significantly, a party claiming a private prescriptive easement may only rely upon use of the subject property by himself or his predecessors in title in attempting to show actual and continuous use for the prescribed time period.
 
 See Brewer v. Flankey,
 
 660 So.2d 761 (Fla. 5th DCA 1995);
 
 Supal v. Miller,
 
 455 So.2d 593 (Fla. 5th DCA 1984). In the present case, the evidence in the record was clearly insufficient to meet the twenty-year requirement for the majority of the property owners purportedly represented by Pope. As to the property owners who swore to actual and continuous use for at least twenty years, material disputed issues of fact were created by the counter-affidavits as to the first, third, and fourth elements listed above. Summary judgment is improper where there is a genuine issue of material fact.
 
 Holl v. Talcott,
 
 191 So.2d 40 (Fla.1966).
 

 On remand, the trial court must evaluate each property OAvner’s prescriptive easement claim separately. A party
 
 *134
 
 seeking to establish a private prescriptive easement may not “bootstrap” onto the claim of another.
 
 Supal,
 
 455 So.2d at 595.
 

 REVERSED and REMANDED.
 

 PALMER and ORFINGER, JJ., concur.
 

 [1]
 

 . At oral argument, Pope’s counsel advised that not all property owners in the Hooper-ville Subdivision had given a power of attorney to Pope. The issue of whether Pope had standing to bring this action on behalf of other property owners was not raised below or on appeal, and, accordingly, we decline to address it.