PER CURIAM.
At issue in this case is an easement for vehicular traffic from Appellee’s property, upon which a Popeyes restaurant is built, onto the parking lot of Appellant’s adjacent property. 5730 Lake Underhill, LLC, and Wen-Fang Sun (“Appellant”) appeal a Final Judgment in favor of Smith-Horner, LLP (“Appellee”) holding that a permanent easement was established between the two parcels of property. Appellant raises the following issues, contending that the trial court erred in determining that: 1) the language creating the easement was ambiguous; 2) any ambiguity was latent or intermediate, allowing for the introduction of extrinsic evidence for clarification; 3) the easement was express and permanent; 4) in the alternative, a prescriptive easement existed; 5) in the alternative, an implied easement existed; 6) the lease was still in effect through an amendment; and *393 7) an award of $2500 was a proper amount of nominal damages.[1] We affirm on all issues except the prescriptive easement and the nominal damages.
The trial court erred in its alternative, finding that a prescriptive easement was established. As Appellant correctly argues, Appellee’s use of the easement was not adverse. “Because the law. does not. favor the acquisition of prescriptive rights, use or possession of another’s land is presumed to .be subordinate to the owner’s title, and with the owner’s permission; and the burden is on the claimant to prove that such use or possession is adverse....” Suwanee River Water Mgmt. Dist. v. Price, 651 So.2d 749, 750 (Fla. 1st DCA 1995). The Popeyes’ patrons used the easement under a valid claim of right, as set out in the lease. Accordingly, such use was not adverse; and a prescriptive easement was not established.
Furthermore, the trial court’s award of $2500 in nominal damages was excessive. Pecuniary damages due to loss of business' were not shown at trial. Accordingly, as Appellee’s counsel conceded during oral argument, the $2500 awárd exceeded the appropriate amount of nominal damages. We, therefore, remand this case to the trial court to enter an amended judgment in accordance with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
LAWSON, C.J., SAWAYA and EDWARDS, JJ., concur.

. Appellant also raised the Issue that the trial court erred in failing to construe the provision of the easement against the drafter of the instrument. We affirm as to this issue because the evidence introduced was sufficient to resolve the ambiguities. See Life Care Ponte Vedra, Inc. v. H.K. Wu, 162 So.3d 188, 191 (Fla. 5th DCA 2015) ("[T]he construction against the drafter rule is a secondary rule of interpretation, which should be used only if the parties’ intent cannot be ascertained by other means.”).