# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2958
_____

RABIA ARDAN MORRIS,

    Appellant,

    v.

WINBAR LLC,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

April 9, 2019

JAY, J.

For over forty years, Appellant and, occasionally, her customers, utilized a narrow alley to park behind her hair salon. The alley was property owned by Appellee's predecessor in title, whose own buildings also bordered it. When Appellee purchased the previous owner's property, the alley was included. Straightaway, Appellee installed bollards across the entrance to the alley, blocking all access to it.

In response, Appellant filed a complaint for a prescriptive easement across the alley. Following a jury trial, the trial court entered a "Final Judgment Awarding Prescriptive Easement to Plaintiff," finding Appellant was entitled "to a prescriptive easement for ingress and egress for the purpose of vehicular access

over and across the Defendant's property." In paragraph 2 of the judgment, the trial court ruled that "[t]he prescriptive easement awarded herein is for the benefit of the Plaintiff *for the properties described in the deeds . . . .*" (Emphasis added.) But in paragraph 3, the trial court further ruled that "[t]he prescriptive easement *is personal to the Plaintiff,*" citing *Stackman v. Pope*, 28 So. 3d 131 (Fla. 5th DCA 2010). (Emphasis added.) It ordered Appellee to provide Appellant access to the property described in the prescriptive easement and to "not block the use by the Plaintiff of said easement." This Court per curiam affirmed the final judgment without a written opinion. *See Winbar LLC v. Morris*, 242 So. 3d 337 (Fla. 1st DCA 2018) (table).

Post-judgment, Appellee removed only those bollards that were placed directly across the entrance to its alley. In their place, Appellee installed an electric gate, offering Appellant a remote control with which she could open the gate and enter the alley. Appellant refused to accept the remote control. Instead, under the same case number as her original action, she filed a Motion to Enforce Final Judgment alleging that Appellee had taken steps to unreasonably interfere with the use of her prescriptive easement. At the hearing on her motion, Appellant maintained that the easement awarded to her in the original final judgment was not *just* a prescriptive easement; it was, in fact, an "appurtenant" prescriptive easement. Therefore, the easement ran not only to her, but to her customers, and to her assigns and successors in interest. Appellee, on the other hand, relying on the limiting language emphasized above in paragraph 3, urged that the easement was personal to Appellant and, accordingly, was an easement "in gross."

On May 30, 2018, the trial court entered its "Order on Plaintiff's Motion to Enforce." It considered the fact that "the appellate court affirmed the final judgment in resolving the issues on appeal[.]" Consequently, it found that Appellant's "motion to enforce the final judgment must be denied, as the motion cannot be granted without modifying the final judgment that is already final, as the law of the case."

For the reasons expressed below, we conclude that the order on review must be reversed.

2

"[T]he law-of-the-case doctrine 'bars consideration only of those legal issues that were actually considered and decided in a former appeal.'" *Delta Prop. Mgmt. v. Profile Invs., Inc.*, 87 So. 3d 765, 767 (Fla. 2012) (quoting *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 107 (Fla. 2001)). As one commentator has explained:

> When an appellate court has decided a question of law, the decision of the court is said to become the law of the case. As a general rule, once an issue has been settled as the law of the case, it may not be relitigated in the lower tribunal or in a subsequent appeal in the same case. An exception to the rule allows the appellate court to reconsider an earlier appellate decision in the same case if that is necessary to prevent a manifest injustice.
>
> . . . .
>
> The preclusive effect of the law of the case doctrine applies *only* to points that were decided in a previous appellate proceeding. . . .
>
> . . . .
>
> It is the decision of the appellate court, and not its opinion, that becomes the law of the case. Therefore, a per curiam decision without an opinion becomes the law of the case as to all issues concluded in the appellate proceeding in which it was entered, in the same manner as a decision supported by an opinion. . . .

Philip J. Padovano, 2 West's Fla. Prac., *Appellate Practice* § 20:12 (2018 ed.) (emphasis added) (footnotes omitted).

Accordingly, this Court's per curiam opinion affirming the trial court's final judgment became the law of the case, but only to the extent of the granting of the prescriptive easement.

"A corollary of the law of the case doctrine is that a lower court is not precluded from passing on issues that 'have not necessarily been determined and become law of the case.'" *Juliano*, 801 So. 2d at 106 (citation omitted). We conclude that what arose at the

3

hearing on the motion to enforce was a new issue pertaining to the *nature* of the prescriptive easement.

Easements—including prescriptive easements—may be either appurtenant or in gross. "An easement is in gross and personal to the holder when it is not appurtenant to other lands or premises. An easement is appurtenant when the right which it represents is attached to and belongs with some greater or superior right as a dominant estate." *N. Dade Water Co. v. Fla. State Turnpike Auth.*, 114 So. 2d 458, 461 (Fla. 3d DCA 1959) (citing *Burdine v. Sewell*, 109 So. 648 (Fla. 1926)). Significantly, an appurtenant easement is a permanent easement running with the land and passes as an incident to it. *McCorquodale v. Keyton*, 63 So. 2d 906 (Fla. 1953); *Esbin v. Erickson*, 987 So. 2d 198 (Fla. 3d DCA 2008). The holder of an appurtenant easement "possesses the 'dominant tenement' while the owner of the land against which the easement exists possesses the 'servient tenement.' A 'dominant estate' is the estate that receives the benefit of an easement." 20 Fla. Jur. 2d *Easements* § 7 (March 2019) (footnotes omitted). In contrast, an easement "in gross" is a mere personal interest in the real estate of another; it is not supported by a dominant estate. *N. Dade Water Co.*, 114 So. 2d at 461.

Whether Appellant's prescriptive easement is "appurtenant" or "in gross" was not decided in the original judgment as affirmed by this Court. That question, therefore, is not subject to the law of the case, and the trial court could have considered it in deciding Appellant's motion to enforce without "modifying" the final judgment.

Even so, the new issue also sheds light on an ambiguity appearing on the face of the final judgment. The ambiguity compels us to reconsider the final judgment to prevent a manifest injustice.

"The legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms, and this presents a question of law for the Court." *Boynton v. Canal Auth.*, 311 So. 2d 412, 415 (Fla. 1st DCA 1975) (footnote omitted). "If the language used in a judgment is ambiguous then it may be construed[.]" *Id.* Our review is de novo. *McCann v. Walker*, 852 So. 2d 366, 367-68 (Fla. 5th DCA 2003) (citations omitted) ("[T]he legal

4

operation and effect of a judgment must be ascertained by construction and interpretation of its terms, and this presents a question of law." . . . Questions of law are subject to de novo review.").

As noted above, paragraph 2 of the final judgment awarding the prescriptive easement expressly provides that the easement is for "the benefit of [Appellant] *for the properties described in the deeds* . . . ," namely Appellant's properties. Therefore, by the definition just expressed, that description would suggest an appurtenant easement with a dominant tenement in Appellant and a corresponding servient tenement in Appellee.

Conversely, paragraph 3 states that "[t]he prescriptive easement is personal to [Appellant]." That language would propose an easement in gross.* The trial court's decision to deny Appellant's motion to enforce the final judgment on the basis that it could *not* be enforced without modifying its terms effectively imposed an easement in gross—foreclosing the issue in favor of Appellee, without affording Appellant the due process necessary to prove otherwise.

Therefore, because the nature of the prescriptive easement was not decided by our affirmance of the final judgment, and to prevent a manifest injustice to Appellant while protecting both parties' rights to due process, we hold the law of the case does not preclude the trial court from determining whether the prescriptive easement is appurtenant or in gross. To that end, we reverse the Order on Plaintiff's Motion to Enforce and remand the cause to the trial court for further proceedings consistent with this opinion. On remand, the trial court may take additional evidence, including parole evidence, "to explain, clarify or elucidate" the nature of the permanent easement—either appurtenant or in gross—as granted

---

* The citation to *Stackman v. Pope*, 28 So. 3d 131 (Fla. 5th DCA 2010), in that same paragraph adds to the incongruity, as *Stackman* stands primarily for the proposition that "[a] party seeking to establish a private prescriptive easement may not 'bootstrap' onto" another's claim for the same easement, but must present his or her own evidence to prove the easement. *Id.* at 134. That was not the case here.

in the final judgment. *See, e.g.*, *Quillen v. Quillen*, 247 So. 3d 40, 48 (Fla. 1st DCA 2018).

REVERSED and REMANDED with instructions.

WOLF and OSTERHAUS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Susan S. Thompson and Andrew J. Power of Smith, Thompson, Shaw, Minacci, Colón & Power, P.A., Tallahassee, for Appellant.

Kimberly L. King, Edward W. Wood, and Raymond G. Mazzie of King & Wood, P.A., Tallahassee, for Appellee.